■ THOMAS THORNE, an Infant, by His Father and Natural Guardian, ELMER F. THORNE, et al., Appellants, v. ARNOLD H. BURR et al., Respondents. — In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for medical expenses of his father, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered December 16, 1971, in favor of defendants, upon the trial court's dismissal of the complaint at the conclusion of plaintiffs' case upon a jury trial of the issues of liability only. Judgment reversed, on the law, and new trial granted, with the issues of liability and damages to be tried together, and with costs to abide the event. The appeal did not present questions of fact. On March 17, 1967, the infant plaintiff, then about four years of age, was injured when struck in the eye by a snowball thrown by defendant Stephen Sorvold, then almost 13 years of age, during the course of a friendly snowball fight between Stephen Sorvold and defendant Arnold Burr, then aged 22. The trial court dismissed the complaint at the close of plaintiffs' case upon the ground that there was no evidence that the particular snowball which struck the infant plaintiff was something other than an ordinary snowball, i.e., made up of or containing hard frozen snow or ice. In our opinion, this was error. There was sufficient evidence to at least raise a jury question as to whether or not the situation presented any special danger to the infant, rendering any injury to him reasonably foreseeable by one or both of these two defendants, so as to make them guilty of negligence. The offending snowball was thrown not by a contemporary of the infant plaintiff but by defendant Stephen Sorvold, a 13-year-old boy with substantial Little League experience; and the infant plaintiff participated in this fight merely to the extent of supplying Burr, his 22-year-old distant cousin, at the latter's request, with snow out of which snowballs could be made. It further appears that at the time the snowballs were being thrown back and forth Burr and Stephen Sorvold were 50 to 60 feet apart and that before the accident the infant plaintiff was continually scampering back and forth to Burr's right. At the time the infant plaintiff was hit in the eye he was standing directly in the line of fire between Burr and Stephen Sorvold. In addition, under the unique circumstances here presented, we believe that the trial court erred in excluding testimony as to the condition of the infant plaintiff's face immediately after the accident, namely, that his eyelid was cut and blood visible. Properly buttressed by expert opinion as to the competent producing cause

of such a cut, this proof would be relevant and probative as shedding light upon the contents of the snowball and the force with which it was thrown. Therefore, upon the new trial herein directed, the issues of liability and damages should be tried together. *Lawes v. Board of Educ. of City of N. Y.* (16 N Y 2d 302), strongly relied upon by defendants, is inapposite. While some language in the opinion, standing by itself, seemingly favors defendants' contentions, the court there was dealing with the liability of the defendant Board of Education for alleged lack of supervision. That defendant was not, as are defendants here, a primary actor in the act which resulted in injury. Rabin, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.