■ IRENE B. WILLIAMS, as Administratrix of the Estate of JOHN D. WILLIAMS, Deceased, et al., Respondents, v. ROBERT E. ADAMS, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered May 16, 1974 in Broome County, which denied defendant's motion for a separate trial of the issues of liability and damages. In this action brought to recover for wrongful death, defendant moved, pursuant to CPLR 603, for a separate trial of the issues of liability and damages on the ground that the decedent left him surviving a widow and four children ranging in age from 8 to 18 years, and that, without a separate trial of the liability issue, sympathy for the widow and children would greatly prejudice the defendant. The complaint alleged that, on March 28, 1971 on Route 11, a public highway in the Town of Chenango, Broome County, New York, defendant so operated his automobile as to cause plaintiff's decedent to be propelled from the hood of the vehicle to the pavement

thereby causing his injuries and death. The answer denied this allegation. In a reply affidavit in support of the motion, defendant conceded that plaintiff's decedent was on the hood of defendant's automobile, and that his death was caused as a result of injuries which he sustained when he fell from the hood to the pavement. Plaintiff, in a reply affidavit, contended that, while the admission reduced the quantum of proof as to the causal relation between defendant's acts and the death of decedent, that medical testimony as to the nature and extent of the injuries would be necessary in establishing that defendant increased the speed of his automobile when he realized that decedent was on the hood and then abruptly halted causing decedent to be propelled to the pavement. On this appeal, defendant contends that separate trials of the issues would avoid prejudice to defendant and be in furtherance of judicial economy and convenience. On this record, it does not appear that there are witnesses to this occurrence other than the defendant. It, therefore, appears that it will be necessary for plaintiff, in establishing liability, to offer medical evidence of the injuries and of the force necessary to cause such injuries and possibly other expert testimony based upon the admitted facts as to what was competent to produce such force. While the practice of holding separate trials of the issues of liability and damage should not be discouraged where, as here, the nature of the injuries "has an important bearing on the issue of liability, a separate trial should not be ordered." (*Culley* v. *City of New York*, 25 A D 2d 519, 520.) The order of Special Term should, therefore, be affirmed. Order affirmed, with costs. Staley, Jr., J. P., Cooke, Sweeney, Main and Reynolds, JJ., concur.