■ LEONARD KALINGER, Individually and as Administrator of the Estate of MARJORIE KALINGER, Deceased, Respondent, v ROYAL GLOBE INSURANCE COMPANIES et al., Appellants, et al., Respondents. (Action No. 1.) GLEN R. BERKOWITZ, Respondent, v NICHOLAS FIORE et al., Respondents, and ROYAL GLOBE INSURANCE COMPANIES et al., Appellants. (Action No. 2.)—In consolidated actions *inter alia* to declare defendant Royal Globe Insurance Companies' denial of insurance coverage invalid, said defendant and its agent, defendant Lewis Behrend Co., Inc., appeal from an order of the Supreme Court, Queens County, dated September 3, 1974, which granted plaintiffs' separate motions for summary judgment against Royal Globe and ordered entry of judgment declaring that it is required to defend Nicholas Fiore and/or Nick Fiore in the pending negligence actions commenced by plaintiffs herein. Order affirmed, with one bill of $50 costs and disbursements jointly to respondents appearing separately and filing separate briefs. Royal Globe's delay of 14 months in denying coverage under the policy was unreasonable. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.

■ DENNIS KEATING, Respondent, v PAUL J. ENG, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an interlocutory judgment of the Supreme Court, Richmond County, dated January 21, 1975, in favor of plaintiff on the issue of liability, upon a jury verdict, at a trial limited to that issue. Interlocutory judgment affirmed, with costs. Evidence of injuries may be admitted at a trial on the issue of liability if the cause of the injuries is inextricably intertwined with the extent of the injuries *(Thorne v Burr,* 41 AD2d 662). However, the evidence of hospital records proffered by defendant in the instant case did not disclose the extent of injuries in a sufficiently clear or precise manner as to fall under the *Thorne* rationale. Further, even complete hospital records alone, without expert opinion and explanatory testimony, would require too much speculation by the jury to permit their introduction. There was no evidence which would support defendant's requested jury charges as to certain traffic regulations of the City of New York. Error, if any, in the charge regarding *falsus in uno, falsus in omnibus* was harmless. Rabin, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.