■ ISABEL NAUMANN, Appellant, v HELEN RICHARDSON, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered February 16, 1979, which dismissed her complaint, after a jury trial limited to the issue of liability only. Judgment reversed, on the law, and new trial granted on the combined issues of liability and damages (see *William v Adams*, 46 AD2d 952), with costs to abide the event. On the facts before us, it would not have been possible for plaintiff to sustain her burden of proof on the issue of liability alone without some showing of the injuries she suffered in the accident. At an examination before trial, defendant testified that her automobile was proceeding at a rate of only 10 miles per hour when it made a slight contact on its right side with the 85-year-old plaintiff pedestrian. At the jury trial, plaintiff was not permitted to show the nature and gravity of her injuries, despite the fact that the personal injuries she sustained and the severity of the impact were inextricably intertwined. "Evidence of injuries may be admitted at a trial on the issue of liability if

the cause of the injuries is inextricably intertwined with the extent of the injuries" *(Keating v Eng,* 50 AD2d 898). The trial court erred in precluding such testimony, even though the trial was being conducted on the liability issue alone. As stated in *Bennetti v New York City Tr. Auth.* (22 NY2d 742, 743, a case involving a collision between two vehicles): "It is manifest from the record that the speed of the vehicles was an essential element of plaintiffs' case on the issue of due care. The exclusion of evidence of injuries to passengers on the bus was reversible error in that such evidence had a direct bearing on the force of the impact and the relative speed of the vehicles involved. The evidence should have been allowed, accompanied by an appropriate limiting instruction." Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.