■ MICHAEL FERRARA et al., Respondents, v DIANE PORANSKI, Appellant. — In a negligence action to recover damages for property damage, defendant appeals from (1) an order of the Supreme Court, Suffolk County (McInerney, J.), dated January 4, 1982, which granted plaintiffs' motion for summary judgment and set the matter down for an inquest, and (2) a further order of the same court, dated February 10, 1982, which denied her motion for renewal. Orders affirmed, with one bill of $50 costs and disbursements, and matter remitted to Special Term for an assessment of damages. Notwithstanding the fact that the police report submitted in support of plaintiffs' motion for summary judgment is unsworn, defendant's statement recorded therein that "she must have fallen asleep and struck LILCO pole # 44" constitutes an admission against interest (*Reed v McCord,* 160 NY 330; cf. *Hayduk v Mahoney Motor Sales,* 18 AD2d 703). This admission, coupled with the fact that the defendant had suffered a concussion earlier and had elected to drive her vehicle instead of seeking alternate transportation home, serves to establish defendant's negligence as a matter of law. Upon consideration of defendant's other contentions, we find them to be without merit. O'Connor, J. P., Thompson, Brown and Niehoff, JJ., concur.

■ HOWARD JACOBS, Appellant, v THOMAS BROIDY, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Young, J.), dated May 28, 1981, which dismissed his complaint following a jury verdict in favor of defendant on the issue of liability. Judgment reversed, on the law, and new trial granted on the combined issues of liability and damages, with costs to abide the event. On the facts in the record, it was not possible for plaintiff to sustain his burden of proof on the issue of liability without some showing of the severity of his injuries (see *Naumann v Richardson,* 76 AD2d 917, app dsmd 54 NY2d 680). At the trial, plaintiff testified that he was struck in the mouth by defendant's hand. Defendant admits striking plaintiff in the mouth but claims that he merely intended to push plaintiff away. The severity of plaintiff's injury is relevant to the issue of liability, in that such evidence would aid the jury in determining the force of the blow to plaintiff's mouth, and whether defendant's conduct was reasonable under the circumstances. Therefore, the trial court committed reversible error by excluding all evidence of plaintiff's injuries (see *Bennetti v New York City Tr. Auth.,* 22 NY2d 742; *Thorne v Burr,* 41 AD2d 662; *Naumann v Richardson, supra*). Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.