OPINION OF THE COURT
Joseph Covello, J.
Plaintiff, Anne Mehlinger, commenced this action to recover damages for personal injuries she sustained in an accident that occurred on Biltmore Boulevard approximately 100 feet from its *465 intersection with Merrick Road. Plaintiff alleges she sustained severe injuries when she was struck by the motor vehicle owned by defendant, Carol Crescimanno, and operated by defendant, Jean Basso, as she was walking across Biltmore Boulevard. Plaintiff asserts that defendants’ vehicle struck her in the right hip and the right knee, projecting her upward and she landed on her left shoulder. She contends that as a result of being struck by defendants’ vehicle she sustained comminuted and impacted fractures of her right pelvis, right sacrum, and right knee.
Defendants deny that the plaintiff was struck with the front of defendants’ vehicle and also assert that the defendants’ vehicle was traveling at approximately 10 miles an hour at the time of the collision.
Plaintiff seeks a unified trial on the issue of liability and damages as the type and extent of her injuries are important to determining liability in this action.
Separate trials on the issues of liability and damages should not be held where the nature of the injuries has an important bearing on the issue of liability. (See Schwartz v Binder, 91 AD2d 660 [2d Dept 1982].) A single trial on both the liability and damages issues should be held when medical evidence concerning the nature of a party’s injuries is necessary in order to corroborate the party’s version of how the accident happened. (See Roman v McNulty, 99 AD2d 544 [2d Dept 1984].) Furthermore, “[e]vidence of injuries may be admitted at a trial on the issue of liability if the cause of the injuries is inextricably intertwined with the extent of the injuries.” (Naumann v Richardson, 76 AD2d 917, 917-918 [2d Dept 1980].)
In the instant case, plaintiff claims that she was hit by the front end of the defendants’ vehicle, while the defendants claim there was no front bumper impact. Instead, defendants claim that contact was of a glancing nature and that the pedestrian hit into the side of the car as it traveled at approximately 10 miles per hour.
Plaintiff contends that medical evidence related to her injuries is necessary to corroborate her version of the accident in order to determine the issue of liability. In support of her assertions as to how the accident occurred, plaintiff submits the affirmation of Dr. James C. Wilson, who concludes that
“Mrs. Mehlinger was struck by a massive force applied to her right side at the location of her right knee and right pelvis; 2) that such force came from *466 the front bumper and the front area of the hood of the defendant’s motor vehicle; 3) that she was standing in front of that motor vehicle when she was struck; and 4) that at the time of the impact the vehicle was traveling at a speed of roughly 25 mph.” (Wilson affidavit 1Í 8.)
Accordingly, a unified trial on the issues of liability and damages is appropriate as the plaintiffs injuries are relevant to how the accident occurred.
Therefore, it is hereby ordered that the plaintiffs motion for a unified trial on the issues of liability and damages is granted.