■     Marc Kalish, Respondent, v. Max Krieger, Appellant.— Judgment, Supreme Court, New York County, entered December 26, 1972, after jury trial, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. While the charge might not be considered perfect or a model of precision, it may fairly be termed adequate to instruct the jury with respect to negligence as a proximate cause of the accident, and contributory negligence as a bar to recovery. (Cf. Schmoll v. Luther, 36 A D 2d 996.) The charge must be considered as a whole. So considered, it is concluded that it served to apprise the jury of the necessary principles applicable to the facts as they might be determined by the jury in the case. Concur — Stevens, P. J., and Murphy, J.; McGivern, J., concurs in a memorandum; Markewich and Steuer, JJ., dissent in a memorandum by Steuer, J. McGivern, J. (concurring). In agreeing with the majority disposition, I would point out that the experienced Trial Justice, in the main portion of his charge, adopted in haec verba the language set forth in the 1971 Supplement of the New York Pattern Jury Instructions (P. J. I. 2:35). And when, at the conclusion of his charge, with which I can find no fault, he asked counsel if there were any objections, counsel for the defendant rejoined: "None whatsoever." And when in response to a jury question, the Trial Judge in effect repeated or paraphrased the main charge, counsel at this latter stage, objected "more particularly to the refrain or the repetition of the word 'material' in the court's charge and the refusal to charge 'the slightest degree.'" But, the word "material" is suggested by the N. Y. P. J. I. 1971 Supplement in order to overcome the objections previously found to the use of the word "substantial"; and the Trial Judge repeatedly dealt with the concept of "negligence, great or slight" as barring recovery. Actually, negligence "in the slightest degree" was omitted from the 1969 Supplement of the N. Y. P. J. I. Lastly, the point involved, and whether or not the Trial Judge in an automobile accident case used words of talismanic effect, is taking on an anachronistic ring. We are now at the threshold of an age of "no fault"

recovery and comparative negligence. All that concerns us here is whether or not this plaintiff got a fair trial and was the jury informed of the applicable rules of negligence then obtaining. I think the Trial Judge performed excellently; and there is no reason for adding another trial to our overburdened calendars. Steuer, J. (dissenting). We dissent and would order a new trial. In this automobile collision case the issues were which party was at fault or whether both were negligent. Consequently the instructions on contributory negligence were particularly significant and in fact the jury evidenced its interest in them by requesting further instruction on the subject. Here the court, instead of distinguishing between what conduct would constitute proximate cause and what degree of negligence would be deemed a bar to recovery, became lost in attempting to explain the dichotomy by the use of synonyms for "substantial" and "the slightest degree". Admittedly an explanation of what activity causes an accident (proximate cause) and what conduct during the accident is negligence requires distinctions of some subtlety. To convey this to lay minds, abstractions of the nature condemned in prior decisions (*Ortiz* v. *Kinoshita & Co.*, 30 A D 2d 334; *Maggio* v. *Mid-Hudson Chevrolet*, 34 A D 2d 567; *Gill* v. *Anderson*, 39 A D 2d 941; *Siegelman* v. *Truelson*, 39 A D 2d 722) are of little value, and the solution is not to be found in substitutes for them. What is required is illustration from familiar situations having relation to the particular facts presented, thus supplying a background for the concepts submitted for decision. We have no desire to add to the progeny of *Bacon* v. *Celeste*, 30 A D 2d 324, and believe this admonition may serve in that purpose.