■ MARTIN DE VITO et al., Appellants, v WILLIAM BELL et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., arising out of a collision at an uncontrolled intersection, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered May 29, 1975, which is in favor of defendants and against them, upon a jury verdict, after a trial limited to the issue of liability only. Judgment affirmed, with costs. While the charge might not be considered perfect, it was adequate, when considered as a whole, to instruct the jury with respect to negligence as a proximate cause of the accident, and contributory negligence as a bar to recovery (see *Kalish v Krieger,* 42 AD2d 955). We have considered appellants' other arguments and find them to be without merit. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■ ALEXANDER Z. DUBICKI et al., Respondents, v ROBERT F. MARESCO et al., Appellants. (And a Third-Party Action.)—In a consolidated negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County, dated March 31, 1976, which granted plaintiffs' motion to increase the *ad damnum* clause to the extent of increasing the amount demanded by the injured plaintiff to $1,000,000. Order affirmed, without costs or disbursements. Trial Term properly exercised its discretion in permitting amendment of the *ad damnum* clause of the complaint to the extent indicated. Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■ *n*LORI J. FALLIS and Another, Infants by Their Natural Guardian, LINDA L. LANGSAM, Respondent, v BARRY E. FALLIS, Appellant.—In an action in which the wife was granted a judgment of divorce in Supreme Court, New York County, the husband appeals from an order of the Supreme Court, Nassau County, dated May 7, 1976, which, *inter alia,* (1) directed that a hearing be held on a motion to modify the judgment of divorce by increasing the amount of child support and (2) directed the husband to appear and be examined before trial. Order reversed, without costs or disbursements, and motion denied, without prejudice to an application by the guardian to the Supreme Court, New York County, for modification of the judgment of divorce entered March 1, 1974. In view of the fact that the judgment of divorce was obtained in the Supreme Court, New York County, and that this is an application to modify that judgment by increasing the amount of child support, the application should be addressed to the court which made the original judgment and not to the Supreme Court in another county. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.

■ LILLIAN FLORULLI, as Administratrix of the Estate of NICHOLAS V. FLORULLI, Deceased, Plaintiff, v DR. SCHRAG et al., Defendants. (And a Third-Party Action.) (Action No. 1.) LILLIAN FLORULLI, Individually and as Administratrix of the Estate of NICHOLAS V. FLORULLI, Deceased, Appellant, v PFIZER, INC., et al., Respondents. (Action No. 2.)—In a wrongful death action, plaintiff appeals from an order of the Supreme Court, Kings County, dated August 28, 1975, which, *inter alia,* granted defendant Pfizer, Inc.'s, motion (in Action No. 2) for summary judgment dismissing the complaint. Order affirmed, with $50 costs and disbursements. The order appealed from was properly made. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.