■ JOSEPH ADDESSO, Appellant, v BELTING ASSOCIATES, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 1, 1986, which denied his motion for one trial of both the issues of liability and damages.

Ordered that the order is reversed, with costs, and the motion is granted.

Generally, questions of liability and damages in an action sounding in negligence represent distinct and severable issues which should be tried and determined separately *(see,* CPLR 603; *Mercado v City of New York,* 25 AD2d 75). However, separate trials with respect to these issues should not be conducted where the nature of the injuries has an important bearing on the question of liability *(see, Culley v City of New York,* 25 AD2d 519; *Castelli v Regina Center,* 54 AD2d 594; *Schwartz v Binder,* 91 AD2d 660).

The plaintiff in the instant case had minimal recollection of the accident, and was therefore unable to render an accurate

estimation regarding the speed at which the defendant John Y. Bischoff, Jr., operated the vehicle owned by the defendant Belting Associates, Inc. The defendant, however, claimed that he was only traveling at approximately 20 miles per hour at the time of the accident. In order for the plaintiff to sustain his burden of proof and to rebut the defendants' assertions, it will be necessary to introduce evidence concerning the nature and extent of his injuries. The introduction of these facts into evidence will enable the jury to consider and evaluate the force of the impact and arrive at an approximation of the rate of speed of the defendants' vehicle.

Because the extent of the injuries is, under the circumstances, inextricably intertwined with the question of liability, Special Term should have ordered a combined trial of all issues rather than a bifurcated trial *(see, Roman v McNulty, 99 AD2d 544; Costa v Hicks, 98 AD2d 137)*. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.