■ In the Matter of MURRAY WHITAKER, Admitted as MURRAY WIEDERKEHR, for Reinstatement.—Petition granted insofar as to refer the instant application to the Departmental Disciplinary Committee for the First Judicial Department for reconsideration by a new hearing panel. Concur—Murphy, P. J., Ross, Carro, Kassal and Smith, JJ.

■ EAST END OWNERS CORP. v ROC-EAST END ASSOCIATES.— Motions for resettlement granted insofar as to recall the order of this court [133 AD2d 27] entered on August 13, 1987, and to resettle the order to grant all the defendants-appellants leave to appeal to the Court of Appeals, as indicated. Resettled order signed and filed. Concur—Sullivan, J. P., Carro, Asch, Rosenberger and Smith, JJ.

■ TOREM v 564 CENTRAL AVENUE REST., INC.—Motion by defendant-respondent Haller & Burtis, Inc. for an order granting resettlement of our order of August 13, 1987 [133 AD2d 25] reversing the judgment of the Supreme Court, New York County (John G. Dier, J., and a jury), entered on May 28, 1986, is granted, without costs, and, upon resettlement, the judgment appealed from is modified, on the law, to the extent of vacating the finding of liability in favor of plaintiffs against defendants 564 Central Avenue Rest., Inc. and Long Island Lighting Co., Inc. (LILCO) and the apportionment of damages made as between such defendants, a new trial is ordered on liability only, and otherwise affirmed, with costs to abide the event.

We are in agreement with the trial court that the claims of negligence made by plaintiffs and defendants 564 Central Avenue Rest. and LILCO against defendant Haller & Burtis were insufficient as a matter of law, and thus correctly not submitted to the jury. We think our memorandum decision indicated as much by its omission of any reference to such claims, since, had we intended to reinstate them, we would have been required to state the grounds of our decision in that respect (CPLR 5522). Also indicative of our intent not to disturb the trial court's dismissal of the claims against Haller & Burtis was our specification of the issues contained in the first paragraph of both our memorandum decision and order, which specification was limited to issues decided only by the jury and not by the court. However, because our order reversed the judgment appealed from when it should have modified it, we grant resettlement to eliminate any confusion caused thereby. Concur—Carro, J. P., Asch, Rosenberger, Ellerin and Wallach, JJ.