■ JOSEPH DEGREGORIO et al., Appellants, v LUTHERAN MEDICAL CENTER et al., Respondents.—In an action to recover damages for personal injuries resulting from alleged assaults and batteries, the plaintiffs appeal from a judgment of the

Supreme Court, Kings County (Dowd, J.), entered December 7, 1987, which, upon a jury verdict, is in favor of the defendants.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted, with costs to abide the event.

On May 16, 1985, the defendant Leo Whitfield, a guard at the defendant hospital, refused to allow the plaintiffs to enter the emergency room because the fire alarm was sounding. The plaintiffs alleged that Whitfield struck the plaintiff Joseph DeGregorio in the throat causing him to be slammed into the wall, rendering him unconscious. Subsequently, the two men fell to the ground with Whitfield falling on top of Joseph. Joseph's mother, the plaintiff Winifred DeGregorio, tried to break up the fight, but she was thrown against the wall by Whitfield and fell to the floor. Whitfield claimed that Joseph threatened him, and then rushed at him. Whitfield insisted that he merely wrapped his arms around Joseph's arms in a bear-hug position, and the two tripped and fell to the ground.

As a result of the struggle, Joseph allegedly suffered a fractured skull, a broken leg in three places, a broken ankle, neurological damages resulting in the loss of his senses of smell and taste, and the impairment of his hearing. The plaintiffs maintain that the trial court's denial of their application for a unified trial on the issues of damages and liability was erroneous. We agree.

The severity of Joseph's alleged injuries was relevant to show that the struggle may have been more intense than Whitfield's description of the incident. Since the injuries themselves are probative in determining how the incident occurred, a unified trial should have been ordered (see, Addesso v Belting Assocs., 128 AD2d 489; Roman v McNulty, 99 AD2d 544). Furthermore, the introduction of evidence as to the extent and nature of the injuries was vital to the plaintiffs' ability to rebut the defendants' claim of self-defense by demonstrating that Whitfield used excessive force (see, Jacobs v Broidy, 88 AD2d 904; Williams v City of New York, 36 AD2d 620). Because the issues of liability and damages were so intertwined, the plaintiffs were deprived of a fair trial by the court's ordering of a bifurcated trial, and therefore the verdict must be set aside (see, Curry v Moser, 89 AD2d 1).

With regard to the new trial, we note that it was not an improvident exercise of trial court's discretion to refuse to permit the plaintiffs' counsel to cross-examine Whitfield regarding another civil action arising out of an incident similar to the one involved in the instant case. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.