■ LOUISE B. G. et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION, Respondent.—In a negligence action to recover damages for personal injuries, etc., resulting from a sexual assault in a public school facility, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Duberstein, J.), entered July 23, 1986, which, upon a jury verdict, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

The plaintiffs argue on this appeal that they were deprived of a fair trial by virtue of improper conduct on the part of the defense counsel, and certain erroneous rulings and instructions to the jury by the trial court. We disagree.

With respect to the conduct of the defendant's attorney, the plaintiffs claim that the defense counsel improperly conveyed

to the jury that the entire incident upon which the action was based was a hoax and that much of his questioning of the injured plaintiff on cross-examination was designed for the sole purpose of bolstering this theory. Our review of the record, however, reveals that the several lines of inquiry now challenged by the plaintiffs were clearly relevant to the injured plaintiff's credibility, and, inasmuch as the plaintiffs' case rested almost entirely on her testimony, the defendant was entitled to thoroughly cross-examine the witness with particular emphasis on matters affecting her credibility.

Likewise, we reject the plaintiffs' claim that the trial court erred in not permitting them to introduce medical evidence of the injured plaintiff's injuries and in rejecting their request for a nonbifurcated trial on liability and damages. As a general rule, questions of liability and damages in an action sounding in negligence represent distinct and severable issues which should be tried and determined separately (see, Addesso v Belting Assocs., 128 AD2d 489; Mercado v City of New York, 25 AD2d 75). While it is true that an exception to this rule is made where the nature of the injuries has an important bearing on the question of liability, and under such circumstances medical proof is permitted to show the causal connection between the accident and the injury in order to establish liability (see, Schwartz v Binder, 91 AD2d 660; Culley v City of New York, 25 AD2d 519), the instant case clearly does not fall within this exception. Here, there was never any dispute that the injured plaintiff was attacked on the day in question and that she suffered injuries as a result of the attack. Indeed, the parties were bound by the trial court's initial ruling that the defendant would be collaterally estopped from contesting the existence of her injuries by virtue of an independent medical arbitrator's finding that she in fact had been injured during the course of her employment. Although collateral estoppel did not extend to the sexual assault (since the rape was not revealed by the victim until some 18 or 19 months after the incident), nonetheless, to the limited extent that the defendant did attack her credibility by cross-examining her on whether or not the rape actually had occurred, there was still no basis for admitting medical evidence on the issue of liability. The question of liability in this case rested solely upon whether or not there existed a "special duty" on the part of the defendant to protect her, and if so, whether that duty was violated. Thus, there was absolutely no need to admit evidence relating to the extent of injuries suffered by her.

Lastly, we reject the plaintiffs' contention that it was error

for the trial court to charge the jury on comparative negligence. It is well settled that the question of contributory or comparative negligence is almost always a question of fact and primarily a jury function *(see, Willis v Young Men's Christian Assn.,* 28 NY2d 375, 378, citing 65A CJS, Negligence, § 293, at 1032). It is likewise true that the question should be given to the jury where there is a "valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion [of negligence] on the basis of the evidence presented at trial" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499). In the instant case, inasmuch as the injured plaintiff's own trial testimony indicated that much of her fear concerning her safety and well-being in the school building revolved around the issue of building security during the off hours, certainly it would not have been unreasonable for the jury to conclude that she had some obligation to ascertain who was knocking at her door prior to unlocking and opening it. We have reviewed the plaintiffs' remaining contention with respect to the particular language utilized in the court's charge, and find it to be without merit. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.