■ ADITYA PARMAR, by His Guardian ad Litem and Natural Mother, SNEH PARMAR, Appellant, v WILLIAM SKINNER et al., Defendants, and EMANUEL MILTON et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated July 29, 1987, which, upon a jury verdict, after a trial limited to the issue of liability, dismissed the complaint as against the defendants Emanuel Milton and Consolidated Edison Company of New York.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff argues that the trial court erred in denying his motion for a single trial on the issues of both liability and damages. We disagree.

As a general rule, questions of liability and damages in a negligence action represent distinct and severable issues which should be tried and determined separately *(see, Louise B. G. v New York City Bd. of Educ.,* 143 AD2d 728, 729; *Addesso v Belting Assocs.,* 128 AD2d 489). Although an exception to this rule is made where the nature of the injuries has an important bearing on the question of liability, and under such circumstances medical proof is permitted to show the causal connection between the accident and the injury in order to establish liability *(see, Louise B. G. v New York City Bd. of Educ., supra; Schwartz v Binder,* 91 AD2d 660), the case at bar does not fall within this exception. Upon our review of the record we conclude that the plaintiff's injuries are not inextricably intertwined with the question of liability *(see, Gee v New York City Tr. Auth.,* 135 AD2d 778; *Smith v Sullivan,* 99 AD2d 776), nor is this a situation where "the injuries themselves are probative in determining how the incident occurred" *(DeGregorio v Lutheran Med. Center,* 142 AD2d 543, 544; *Roman v McNulty,* 99 AD2d 544). Accordingly, the plaintiff's application for a single trial was properly denied. Any error in the court's charge would have been harmless since the jury never reached the issue of proximate cause as to the defendants Emanuel Milton or the Consolidated Edison Company of New York (hereinafter Con Edison) *(see, Niedelman v Jacoby,* 127 AD2d 640; *Chodos v Flanzer,* 109 AD2d 771).

Finally, reversal of the judgment is not warranted by virtue of Con Edison's single reference during summation to the defendant William Skinner's arrest. While the remark was improper, it was not prejudicial since the jury was already aware that Skinner had been arrested from his own trial testimony. In light of the inadvertent nature of the comment, the minimal prejudice and the court's immediate curative instruction to the jury, we conclude that it is unlikely that the error affected the jury's determination or created "a substantial possibility of injustice" *(Cohn v Meyers,* 125 AD2d 524, 529; *see, Riffel v Brumburg,* 91 AD2d 842; *cf., Dance v Town of Southampton,* 95 AD2d 442). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.