■ Kim Lopez, an Infant, by Her Father and Natural Guardian, Hector Lopez, et al., Appellants, v New York City Housing Authority, Respondent.—

The trial court did not abuse its discretion by ordering separate trials on the issues of liability and damages since the question of damages was not interwoven with that of liability. At the trial of this personal injury action, it was the infant plaintiff's theory of liability that there should have been rubber mats on the ground near the slide from which she fell. There was no need to resort to medical evidence of plaintiff's injuries to establish that the mats were not in place *(compare, Schwartz v Binder,* 91 AD2d 660). Nor did the absence of medical evidence make the court's instructions on proximate

cause confusing. The court adequately stated the principles bearing on proximate cause and did not suggest that defendant's liability turned on whether plaintiff had used the slide in a proper manner. Also, the introduction of medical evidence would not have served to clarify these principles. The only "act or omission" that plaintiff attempted to attribute to defendant was the absence of the mats. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.