■ KATHRYN POLIMENI, Appellant, v CHARLES BUBKA et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), entered September 13, 1988, which, upon a jury verdict, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff seeks to recover damages resulting from a traumatic amputation of her finger which occurred as she was exiting a structure owned by the defendants. Apparently, in order to leave the structure the plaintiff was required to step down approximately two feet, and in so doing a ring that she was wearing became lodged on a protruding object and her finger was partially amputated. On this appeal, the plaintiff argues that the trial court erred in granting the defendants' motion for a bifurcated trial. Additionally she argues that she was deprived of a fair trial by virtue of improper remarks

made by the defense counsel during summation and certain allegedly erroneous rulings and instructions given to the jury by the trial court. We disagree.

In a negligence action, the general rule is that the issues of liability and damages should be tried separately (see, *Parmar v Skinner*, 154 AD2d 444). In order for the rule not to apply, the party opposing bifurcation must show that the nature of the injuries "has an important bearing" on the issue of liability (*Parmar v Skinner, supra; Louise B. G. v New York City Bd. of Educ.*, 143 AD2d 728). Upon our review of the record, we conclude that evidence regarding the nature of the plaintiff's injury would not have had any significant bearing on the issue of liability. Moreover, the jury was aware of the nature of the plaintiff's injuries, and, under such circumstances, the holding of a bifurcated trial did not prejudice her.

The remarks made by the defense counsel during his summation to which the plaintiff now objects were not objected to at trial and therefore any issue of law with respect thereto are not preserved for our review. Furthermore, our review of the record, particularly in light of plaintiff's counsel's summation, leads us to conclude that reversal as a matter of discretion is not warranted (see, *Hernandez v City of New York*, 156 AD2d 641).

Likewise, we reject the plaintiff's claim that the court's supplemental charge to the jury was improper. In response to its inquiry regarding the differences in the laws applicable to residential buildings and farm structures (the structure at issue falls within the latter category), the trial court instructed the jury that the purpose of a structure or a building is a proper consideration in assessing the reasonableness of a defendant's conduct in maintaining his property or in allowing a condition to exist upon his land (see, *Scurti v City of New York*, 40 NY2d 433; *Barker v Parnossa, Inc.*, 39 NY2d 926). We find nothing inappropriate in such a charge.

We have considered the plaintiff's remaining contention that the verdict is against the weight of the evidence and find it to be without merit. Inasmuch as the issue in dispute was precisely which object the plaintiff caught her finger on, and there was eyewitness testimony to the event from both sides, the issue was essentially one of credibility, which the jury was in a better position to assess (*Sheps v Hall & Co.*, 112 AD2d 281). Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.