■ EDUARDO ECHEVERRIA, Appellant, v CITY OF NEW YORK et al., Respondents.—In an action to recover damages for personal injuries resulting from an alleged assault and battery, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Williams, J.), dated January 11, 1989, which,

upon a jury verdict, is in favor of the defendants dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

On October 17, 1982, officers of the defendant police department responded to a call concerning a domestic disturbance at the apartment of Irma Suarez, the mother of the plaintiff's two children. It was the second time that night that the police were summoned to the residence. Upon arrival, the officers ordered the intoxicated plaintiff to leave the building. When the plaintiff refused, the officers forcibly escorted him down to the street. The plaintiff claimed that the officers then struck him with their nightsticks on the head and legs, placed him in their patrol car, drove him around awhile, and then forcibly removed him from the car and left him on the sidewalk. The plaintiff was found later that morning by another officer, lying on the sidewalk and unable to walk. Upon being taken to Elmhurst Hospital, the plaintiff was discovered to have a fractured leg.

The trial court, over the plaintiff's objection, improperly admitted into evidence a hearsay statement in the hospital's records to the effect that the plaintiff had fallen at home. The statement attributed to the plaintiff was not germane to the diagnosis or treatment, and was therefore not admissible as an integral part of the hospital's records (see, CPLR 4518; *Williams v Alexander,* 309 NY 283; *Gunn v City of New York,* 104 AD2d 848, 849; see also, *Goldstein v Hauptman,* 131 AD2d 724, 726; *Mikel v Flatbush Gen. Hosp.,* 49 AD2d 581). In addition, since the source of the statement remains, at best, unclear, the defendants failed to establish that the records contain an admission so as to otherwise justify the statement's disclosure to the jury (see, *Castro v Alden Leeds, Inc.,* 144 AD2d 613, 615). Since we cannot say this improperly admitted hearsay evidence did not influence the jury to the prejudice of the plaintiff's case, reversal is required (see, *Williams v Alexander, supra,* at 289; *Gunn v City of New York, supra).* Since the nature and extent of the plaintiff's injuries are in this case relevant to the determination of the cause of those injuries (see, *Addesso v Belting Assocs.,* 128 AD2d 489), as well as to whether whatever actions the defendants took were justified (see, *DeGregorio v Lutheran Med. Center,* 142 AD2d 543; *Jacobs v Broidy,* 88 AD2d 904), a full rather than bifurcated trial should be had on remand (cf., 22 NYCRR 202.42).

We do not deem it necessary to reach the plaintiff's remain-

ing arguments. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.