■ FRITZ R. BERTHOUMIEUX, Appellant, v WE TRY HARDER, INC., et al., Respondents.—Judgment, Supreme Court, New York County (Walter Gorman, J.), entered July 31, 1989, after a jury verdict in favor of defendants, dismissing the complaint, unanimously affirmed, without costs.

In this case which concerns a multi-car accident, various versions of the incident were presented by the parties. Accord-

ing to plaintiff, his limousine was rear-ended by defendant Austin's car which had been hit by Dumez's car (owned by defendant We Try Harder, Inc.) and then the front of his limousine was hit by an unidentified car. Defendant Austin, however, claims that he avoided plaintiff's limousine, which had already been hit, and swerved into another lane where he was rear-ended by Dumez and then forced into another unidentified car. He claims that his car never came in contact with the limousine. Dumez asserts that she struck Austin's car in the back but is unaware of whether Austin's car hit the vehicle ahead of it which Dumez thought was plaintiff's limousine. Finally, an engineering expert concluded that, based on the law of physics and the amount of damage to the limousine, Austin's car could not have caused the damage to the rear of the limousine. The jury trial was bifurcated on the issue of liability and damage. In the liability trial, the jury determined that Austin was not negligent and that Dumez (and We Try Harder, Inc.), were negligent but that said negligence was not the proximate cause of plaintiff's accident.

Plaintiff complains that the trial should not have been bifurcated since it was necessary for him to demonstrate his injuries in order to prove liability. However, in cases such as this, bifurcation of the trial is proper since the issue of damages is clearly not intertwined with the issue of liability. *(See, Lopez v New York City Hous. Auth.,* 158 AD2d 287.) Indeed, nothing in the record indicates that plaintiff's injuries were probative of how the accident occurred. *(See, Parmar v Skinner,* 154 AD2d 444.) While plaintiff claims his injuries were needed to establish liability since the incident involved successive accidents, the trial court properly reserved for the damage trial the issue of successive accidents and apportionment of fault causing plaintiff's injuries. At the liability trial there was only the need to determine whether defendants were negligent and whether their negligence was the proximate cause of plaintiff's accident. Plaintiff's injuries were irrelevant in determining liability in this case.

Plaintiff asserts that the use of an interpreter and several of the Trial Judge's comments were prejudicial. These claims have been waived by plaintiff as they never were challenged at trial. *(See, Picciallo v Norchi,* 147 AD2d 540.) In any event, the interpreter was necessary in light of plaintiff's problems with the English language. Indeed, the jury had problems understanding what plaintiff said. As for the court's comments, none demonstrated any personal bias against plaintiff

or his counsel, and many of the cited comments were not made in the jury's presence.

Plaintiff also complains about some of the trial court's charges to the jury. However, not only does the charge mirror some of the requests made by plaintiff, they also properly adopted the Pattern Jury Instructions. *(See, Torem v 564 Cent. Ave. Rest.,* 133 AD2d 25.)

We have considered all of plaintiff's other points and find them to be lacking in merit. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.