■ RAYMOND JOHNSON, Appellant, v CITY OF NEW YORK, Respondent. [594 NYS2d 201] —Judgment, Supreme Court, Bronx County (Howard Silver, J.), entered July 16, 1992, dismissing the complaint upon a jury verdict, in favor of defendant, unanimously affirmed, without costs.

In this tort action brought by a prison inmate seeking to recover monetary damages for personal injuries sustained during a spontaneous fight with other inmates in a correctional facility, we find that the trial court did not abuse its discretion in directing a bifurcated trial where the plaintiff failed to make a convincing showing that the issues of liability and damages were intertwined (Szeztaye v LaVacca, 179 AD2d 555; Berthoumieux v We Try Harder, 170 AD2d 248, 249).

Nor did the trial court abuse its discretion in excusing a juror who had strong family ties to the prison warden, who had authored an investigative report sought to be introduced by plaintiff's counsel to establish the City's negligence, based upon the court's determination that the close personal relationship could well cause the juror to lend more credence to the report than might a neutral juror (see, People v Provenzano, 50 NY2d 420, 425).

We also find that the court's charge as to foreseeability and actual or constructive notice, when read as a whole, amply and reasonably conveyed to the jury the proper legal princi-

ples *(Timmons v Hecker,* 110 AD2d 762; *De Vito v Bell,* 54 AD2d 683).

We have reviewed the plaintiff's remaining claims, including an unpreserved challenge to the defense summation, and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman, Kassal and Rubin, JJ.