■ GAIL M. KLINGLE et al., Respondents, v VERSATILE CORPORATION, Appellant. (Action No. 1.) CANDY L. JOHNS-FIESTER et al., Respondents, v VERSATILE CORPORATION, Appellant. (Action No. 2.) [606 NYS2d 71] —Mikoll, J. Appeal from an order of the Supreme Court (Smyk, J.), entered September 10, 1992 in Broome County, which granted plaintiffs' motions to set aside two verdicts in favor of plaintiffs, and granted a new trial unless defendant stipulates to increased verdicts.

While on their morning break at work on April 3, 1991, plaintiffs Gail M. Klingle (hereinafter Klingle) and Candy Johns-Fiester (hereinafter Johns-Fiester) ordered egg and cheese croissants from the short order cook at a cafeteria managed and operated by defendant. The cook sprayed the grill with oven degreaser, which he mistakenly believed to be butter. Klingle and Johns-Fiester had eaten from their respective sandwiches when they were told that the grill had been sprayed with oven degreaser. Thereafter, the poison control office was called and they were advised to drink milk and go to the hospital. An endoscopy performed on Klingle by John Cohen revealed that her esophagus was red, irritated and swollen. Cohen was unable to do an endoscopy on Johns-Fiester without a general anesthesia and so, based on the similarities of the condition of the patients, concluded that he did not have to do an endoscopy on Johns-Fiester to determine her condition. The two were discharged from the hospital and told that they could return to work the following day. An esophogram performed on Klingle and Johns-Fiester six months later revealed that no strictures or scar tissue were developing. Klingle and Johns-Fiester, however, continued to have gastrointestinal troubles and were found to have chronic heartburn.

The instant actions on behalf of each plaintiff and her respective husband seek damages for personal injuries and derivative relief due to defendant's negligence. Prior to trial Supreme Court ordered the two actions joined for trial. Plaintiffs moved for a directed verdict as a matter of law on the issue of liability pursuant to CPLR 4401 at the close of plaintiffs' proof. Defendant opposed the motion, arguing that

the evidence presented a question of fact as to comparative negligence "with respect to the two women consuming the croissants when they were aware there was something wrong".

The case was given to the jury to deliberate as to damages. The jury returned separate verdicts in the sum of $1,500 in favor of each of the two plaintiffs. The jury made no award for future injuries nor on the derivative actions. Supreme Court granted plaintiffs' motions made pursuant to CPLR 4404 (a) to set aside the verdicts and ordered a new trial unless defendant stipulated to increase each verdict to $12,500, with $2,500 for past pain and suffering and $10,000 for future pain and suffering. Defendant then appealed from the order entered thereon.

Defendant's argument that Supreme Court erred in granting plaintiffs' motion for a directed verdict on liability and in denying defendant's request to charge comparative negligence to the jury is meritorious as to the issue of damages. On the trial evidence, a reasonable jury could have found that the two plaintiffs' conduct constituted some degree of comparative negligence (see, Louise B. G. v New York City Bd. of Educ., 143 AD2d 728, 729-730, lv denied 73 NY2d 707; Lockwood v Berardi, 135 AD2d 881, 883; see also, Runfola v Bryant, 127 AD2d 972). Johns-Fiester told the jury on cross-examination that she continued to eat the sandwich after "it gave me like burping gassy stuff, but I thought it was the hot dogs, stuff on the grill" and continued to eat it. She said the egg looked different, that "[t]he one part of the egg looked like it had a brownish greenish color, so I—but then I thought it was from the hot dogs so I didn't really—". She then said it tasted like ballpark croissants "because it had a hot doggy taste". Klingle testified on direct examination, "And we remarked ballpark eggs because they did have a funny taste but we ate them anyway." She also said, "I started feeling it as I was eating it but at that time I thought is was just because the egg was hot. So I just continued eating it." On cross-examination Klingle said she probably ate at least half the croissant, about four bites of the whole thing. She also noted, "It looked like it had a different coloring to it." She said she continued to eat it after she felt a burning sensation. Thus, the evidence in the record presented a question of fact on the issue of comparative negligence and it was error to refuse to instruct the jury on this issue (see, supra). The matter should be remitted to Supreme Court for a new trial as to damages only with proper instruction as to comparative negligence.

We find no error in barring the testimony of a person behind the two plaintiffs who would testify that his sandwich was "green", as it was not shown that the amount of degreaser on the sandwiches was the same. The evidence offered was too speculative. We find it unnecessary to address defendant's other arguments for reversal.

Weiss, P. J., Yesawich Jr., Crew III and Cardona, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as conditionally set aside the jury verdicts as to damages; jury verdicts set aside and matter remitted to the Supreme Court for a new trial on the issue of damages; and, as so modified, affirmed.