■ Mary Diorio, Appellant, v City of New York et al., Respondents. [648 NYS2d 618] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated April 3, 1995, which, upon a jury verdict in favor of the defendants and against the plaintiff on the issue of liability, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Since the trial was limited to the issue of liability, the court did not improvidently exercise its discretion by denying the plaintiff's request to present medical evidence regarding the extent of her injuries (see, CPLR 603; see, Parmar v Skinner, 154 AD2d 444, 445; see also, Addesso v Belting Assocs., 128 AD2d 489). While evidence of damages may be introduced where the nature of the injuries has an important bearing on the question of liability, or where the issues of liability and damages are so intertwined and the evidence as to the extent and nature of the injuries so vital to a plaintiff's ability to rebut the defendant's defense that evidence of the injuries is necessary (see, Parmar v Skinner, supra, at 445; cf., DeGregorio v Lutheran Med. Ctr., 142 AD2d 543, 544), this case does not present such a circumstance. The defendants merely raised an inference, upon cross-examination of the plaintiff, that she did not fall on City property as she claimed; they did not present any independent evidence which required rebuttal as to the extent of the plaintiff's injuries.

Furthermore, because the court had precluded all medical evidence at trial, it was improper for the plaintiff to comment, during summation, that the defendants failed to offer medical evidence, and the court did not improvidently exercise its discretion by limiting those comments (see, Braun v Ahmed, 127 AD2d 418, 421, citing Williams v Brooklyn El. R. R. Co., 126 NY 96, 100, 102; see also, McCabe v Queensboro Farm Prods., 21 AD2d 675). Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.