■ CAROLYN LONCZ, Individually and as Administratrix of the Estate of DAVID F. LONCZ, Deceased, Respondent, v CARLTON BLAGROVE, Individually and Doing Business as CARLTON

BLAGROVE TRUCKING, et al., Appellants. [678 NYS2d 560] —Order unanimously reversed on the law without costs and motion granted. Memorandum: In this action for damages arising out of the fatal injuries suffered by plaintiff's decedent in a motor vehicle accident, Supreme Court abused its discretion in denying defendants' motion to bifurcate the trial. "As a general rule, issues of liability and damages in a negligence action are distinct and severable issues which should be tried and determined separately" (*Martinez v Town of Babylon*, 191 AD2d 483, 484; *see also*, 22 NYCRR 202.42 [a]). An exception to that rule arises where plaintiff's injuries have "an important bearing" on the issue of liability (*Parmar v Skinner*, 154 AD2d 444, 445; *see, Kotarski v Kotecki & Sons*, 239 AD2d 909) and are probative in determining how the incident occurred (*see, DeGregorio v Lutheran Med. Ctr.*, 142 AD2d 543, 544). Plaintiff failed to establish the need to depart from the general rule (*see, Fetterman v Evans*, 204 AD2d 888; *Armstrong v Adelman Automotive Parts Distrib. Corp.*, 176 AD2d 773; *Berthoumieux v We Try Harder*, 170 AD2d 248). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Bifurcation.) Present—Pine, J. P., Hayes, Wisner, Balio and Boehm, JJ.