■ LETICIA PEREZ, Appellant, v MILLARD FILLMORE HOSPITAL, Respondent. [704 NYS2d 525] —Order unanimously reversed on the law with costs and motion granted. Memorandum: In this action seeking to recover damages for personal injuries allegedly sustained by plaintiff when she fell on defendant's premises, Supreme Court abused its discretion in denying plaintiff's motion to bifurcate the trial (*see, Loncz v Blagrove,* 254 AD2d 735). " 'As a general rule, issues of liability and damages in a negligence action are distinct and severable issues which should be tried and determined separately' " (*Loncz v Blagrove, supra,* at 736, quoting *Martinez v Town of Babylon,* 191 AD2d 483, 484; *see,* 22 NYCRR 202.42 [a]). Defendant failed to establish the need to depart from that general rule (*see, Loncz v Blagrove, supra; Johnson v City of New York,* 191 AD2d 216). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Bifurcate Trial.) Present—Denman, P. J., Lawton, Hurlbutt, Scudder and Balio, JJ.

■ In the Matter of CHRIS A. BECK, Appellant, v HANS WALKER, as Superintendent of Auburn Correctional Facility, et al., Respondents. [698 NYS2d 925] —Judgment unanimously reversed on the law without costs and application granted. Memorandum: Supreme Court abused its discretion in denying petitioner's application to add the Commissioner of the Department of Correctional Services and its Director of Personnel as necessary parties to the proceeding (*see,* CPLR 1001 [a]; 1003). (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Hurlbutt, Scudder and Balio, JJ.