PHILIP S. SMITH et al., Appellants, v MONRO MUFFLER BRAKE, INC., Respondent. (Appeal No. 1.) [713 NYS2d 581] —Judg-

ment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict for past pain and suffering to $400,000, in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Philip S. Smith (plaintiff) when he was struck by an overhead garage door lowered by an employee of defendant at defendant's premises. Supreme Court properly charged the jury on comparative negligence (*see, Louise B. G. v New York City Bd. of Educ.*, 143 AD2d 728, 729-730, *lv denied* 73 NY2d 707, *rearg denied* 74 NY2d 715; *see also, Klingle v Versatile Corp.*, 199 AD2d 881, 882), and the verdict finding plaintiff 50% at fault for his injuries is not contrary to the weight of the evidence (*see, Coutrier v Haraden Motorcar Corp.*, 237 AD2d 774, 775-776). The record does not support the contention that the court's evidentiary rulings demonstrated bias against plaintiffs (*see, Fingerlakes Chiropractic v Maggio*, 269 AD2d 790; *Hemmerling v Barnes* [appeal No. 2], 269 AD2d 752), or that plaintiffs were not afforded an adequate opportunity to raise objections during the deposition of the orthopedist who examined plaintiff on defendant's behalf. The majority of plaintiffs' contentions with respect to the court's evidentiary rulings are either unpreserved for our review (*see, Monroe v Lozner*, 267 AD2d 966) or lacking in merit. Those errors that are preserved for our review may be disregarded as harmless (*see,* CPLR 2002).

We reject plaintiffs' contention that the jury's awards of damages for future pain and suffering, future loss of earnings and future medical expenses are contrary to the weight of the evidence and inadequate. The conflicting evidence concerning the extent, severity and permanency of plaintiff's injuries did not so preponderate in plaintiff's favor that the verdict limiting the future damage awards to five years could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Further, the amount of the future damage awards does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

We agree with plaintiffs, however, that the award of $50,000 for past pain and suffering is inadequate. Plaintiff suffered a herniated disk in the accident, causing pain and loss of mobility and requiring surgery, physical therapy, the use of pain medication, muscle relaxants, a neck brace, a walker and a

cane. In addition, plaintiff was disabled from his employment as a correction officer and suffered from depression and post-traumatic stress disorder. In our view, an award of $400,000 would be reasonable compensation for plaintiff's past pain and suffering.

We therefore modify the judgment by vacating the award of damages for past pain and suffering and grant a new trial on damages for past pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict for past pain and suffering to $400,000, in which event the judgment is modified accordingly.

Finally, the court erred in striking from the record the juror affidavits submitted by plaintiffs in support of their motion to set aside the verdict on comparative negligence, for judgment notwithstanding the verdict on liability and for a new trial on comparative negligence and damages. The court considered those affidavits in denying that motion and therefore should have settled the record to include them (*see*, CPLR 5526; *Connell v Brink* [appeal No. 2], 199 AD2d 1032). That error, however, may be disregarded as harmless (*see*, CPLR 2002). We therefore modify the order settling the record by striking the second ordering paragraph. (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Negligence.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.