■ KEITH D. TATE, Respondent, v PRESTON STEVENS, Appellant. [713 NYS2d 598] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in denying defendant's motion to bifurcate the trial (*see,*

CPLR 603; 22 NYCRR 202.42). Plaintiff commenced this negligence action seeking damages for injuries that he sustained when defendant's car hit plaintiff's car at an intersection. Each party contends that the other ran a red light. Plaintiff contends that evidence of his injuries is necessary to counter the contention of defendant that he entered the intersection from a complete stop and was traveling at a speed of 7 or 8 miles per hour. Although issues of liability and damages in negligence trials generally should be tried separately (*see, Loncz v Blagrove,* 254 AD2d 735, 736), an exception to that rule arises where, as here, plaintiff's injuries have "an important bearing" on the issue of liability (*Parmar v Skinner,* 154 AD2d 444, 445). Plaintiff demonstrated that evidence concerning the nature and extent of his injuries "will enable the jury to consider and evaluate the force of the impact and arrive at an approximation of the rate of speed of the defendant['s] vehicle" (*Addesso v Belting Assocs.,* 128 AD2d 489, 490). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Bifurcate Trial.) Present—Green, J. P., Hayes, Wisner, Scudder and Lawton, JJ.