■ ORAZIO C. DiCESARE, Respondent, v JANICE GLASGOW, Appellant. (Appeal No. 1.) [743 NYS2d 370] —Appeal from that part of an order of Supreme Court, Erie County (Joslin, J.), entered March 28, 2001, that, in view of the denial of plaintiff's motion to set aside the jury verdict, did not reach defendant's cross motion.

■ ORAZIO C. DiCESARE, Appellant-Respondent, v JANICE GLASGOW, Respondent-Appellant. (Appeal No. 2.) [743 NYS2d 646] —Appeal and cross appeal from a judgment of Supreme Court, Erie County (Joslin, J.), entered March 28, 2001, dismissing the complaint upon a jury verdict.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the complaint is reinstated, the order entered March 28, 2001 is vacated, the motion is granted and a new trial is granted on liability in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when a vehicle driven by defendant rear-ended plaintiff's vehicle during a snowstorm. After a bifurcated trial on liability, the jury found that defen-

dant was negligent but that her negligence was not a proximate cause of plaintiff's injuries. Plaintiff moved for a directed verdict on liability or, alternatively, to set aside the jury's verdict with respect to proximate cause and a new trial on that issue, and Supreme Court denied the motion. Although plaintiff has appealed from the order denying his motion, in the exercise of our discretion we treat plaintiff's notice of appeal as one taken from the final judgment (*see* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988).

Plaintiff contends on his appeal that the court should have set aside the verdict with respect to proximate cause and ordered a new trial on that issue, while defendant contends on her cross appeal that, if the verdict is set aside, the entire matter should be retried and the trial should not be bifurcated. We conclude that a bifurcated trial is appropriate but that the bifurcated retrial on liability must include both the issues of negligence and proximate cause.

Plaintiff testified that he was driving on an elevated highway when a snow storm suddenly began, and he came to a complete stop because the vehicle in front of him "spun out" and came to rest across two lanes of travel. While stopped, plaintiff observed in his rear-view mirror that defendant's approaching vehicle was traveling too fast for the snowy conditions. Defendant's vehicle then rear-ended plaintiff's vehicle, causing plaintiff's vehicle to collide with the vehicle in front of plaintiff. Defendant testified that she was traveling very slowly, between 2 and 10 miles per hour, when she saw plaintiff's vehicle stopped in the roadway approximately six car lengths away. Defendant steered her vehicle into the concrete median in an attempt to avoid the collision but knew that she could not avoid a collision with plaintiff's vehicle. Defendant described the visibility at the time of the collision as "[a]lmost zero."

Contrary to plaintiff's contention, the court properly charged the emergency doctrine. Based on the testimony of defendant, there is a reasonable view of the evidence that her conduct was the product of a " 'sudden and unexpected circumstance' " (*Caristo v Sanzone*, 96 NY2d 172, 174), and it was for the jury to find whether the accident was avoidable (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327, *rearg denied* 77 NY2d 990). The court erred, however, in instructing the jury with respect to the law on following too closely (*see* Vehicle and Traffic Law § 1129), because there was no evidence that defendant was following plaintiff's vehicle. The court further erred in failing to charge the jury with respect to the presumption of negligence in cases involving rear-end collisions, i.e., that it

was defendant's burden to provide a non-negligent excuse for the collision (*see Pitchure v Kandefer Plumbing & Heating*, 273 AD2d 790).

We further conclude that the verdict was inconsistent and should have been set aside on that ground as well. Where, as here, the issues of negligence and proximate cause are so "inextricably interwoven," it is impossible to find negligence without proximate cause (*Martonick v Pudiak,* 285 AD2d 935, 936 [internal quotation marks omitted]). Upon our review of the record, we conclude that the inconsistency may have resulted from the court's improper jury instructions as well the verdict sheet, which asked the jury to find whether defendant's negligence was a proximate cause of "plaintiff's injuries [emphasis added]." This was a bifurcated trial on liability only, and the verdict sheet therefore should have been in terms of whether defendant's negligence was a proximate cause of the accident, not plaintiff's injuries (*see Rubin v Pecoraro,* 141 AD2d 525, 527).

Defendant contends that, if we set aside the verdict on proximate cause, the issue of negligence should also be retried. We agree. Defendant further contends, however, that the court improperly ordered a bifurcated trial because she planned to call a physician who had examined plaintiff to testify with respect to a liability issue. Contrary to defendant's contention, the court properly ordered a bifurcated trial and precluded the testimony of that physician at the bifurcated trial on liability because defendant made no showing that "the nature and extent of the plaintiff's injuries are in this case relevant to the determination of the cause of those injuries" (*Echeverria v City of New York*, 166 AD2d 409, 410; *see Tate v Stevens*, 275 AD2d 1039, 1040). Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.