Carr-Hoagland v Patterson (2019 NY Slip Op 02000)





Carr-Hoagland v Patterson


2019 NY Slip Op 02000


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1444 CA 18-00322

[*1]DEBORAH A. CARR-HOAGLAND AND JAMES L. HOAGLAND, PLAINTIFFS-APPELLANTS,
v
JOHN L. PATTERSON, AS EXECUTOR OF THE ESTATE OF JOHN J. PATTERSON, DECEASED, AND CHERYL A. PATTERSON, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






GELBER & O'CONNELL, LLC, AMHERST (TIMOTHY G. O'CONNELL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
LAW OFFICE OF VICTOR M. WRIGHT, ORCHARD PARK (RACHEL EMMINGER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 12, 2017. The order denied the motion of plaintiffs to compel disclosure. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion to the extent that defendants are directed to submit to Supreme Court, for the six-month period immediately preceding the accident, pharmacy records identifying the medications prescribed to decedent and the prescribed dosages of those medications, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In this negligence action, plaintiffs seek to recover damages for injuries sustained by Deborah A. Carr-Hoagland (plaintiff) when the bicycle she was riding collided with a vehicle operated by decedent. In appeal No. 1, plaintiffs appeal from an order that denied their motion to compel disclosure of decedent's medical records and pharmacy records and, in appeal No. 2, defendants appeal from an order that denied their motion to bifurcate the trial with respect to the issues of liability and damages.
In appeal No. 1, we reject plaintiffs' contention that Supreme Court abused its discretion in denying that part of their motion with respect to the medical records. Plaintiffs failed to meet their burden of establishing that decedent's medical condition is "in controversy" (CPLR 3121 [a]; see Dillenbeck v Hess, 73 NY2d 278, 287 [1989]; Robinson v State of New York, 103 AD3d 1247, 1248 [4th Dept 2013]).
We agree with plaintiffs, however, that decedent's pharmacy records are not protected by the physician-patient privilege (see CPLR 4504 [a]; Neferis v DeStefano, 265 AD2d 464, 466 [2d Dept 1999]) and are "material and necessary" to the prosecution of the action (CPLR 3101 [a]; see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). Nevertheless, we conclude that plaintiffs' request for records "before and after" the collision was overly broad, and we therefore limit disclosure of the pharmacy records to the six-month period immediately preceding the collision. Furthermore, those records "should not be released to [plaintiffs] until the court has conducted an in camera review thereof, so that irrelevant information is redacted" (Nichter v Erie County Med. Ctr. Corp., 93 AD3d 1337, 1338 [4th Dept 2012]; see Snyder v Asher, 153 AD3d 1647, 1648 [4th Dept 2017]). Thus, we modify the order in appeal No. 1 by granting plaintiffs' motion to the extent that defendants are directed to submit to the court, for the six-month period immediately preceding the accident, pharmacy records identifying the medications prescribed to decedent and the prescribed dosages of those medications, and we remit the matter to Supreme Court for an in camera review of those records.
In appeal No. 2, we conclude that the court properly denied defendants' motion seeking bifurcation of the trial. Contrary to defendants' contention, " the proof of [plaintiff's] injury would overlap with the proof regarding liability [and thus] the nature of the alleged injuries is intertwined with the question of liability' " (Zbock v Gietz, 162 AD3d 1636, 1636-1637 [4th Dept 2018]; see Tate v Stevens, 275 AD2d 1039, 1039-1040 [4th Dept 2000]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court