■ RANA S. JEHLE et al., as Coadministrators of the Estate of RUQUIA S. KHAN, Deceased, Respondents, v HERTZ CORPORATION et al., Appellants, et al., Defendant.—Weiss, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered September 24, 1990 in Saratoga County, which, *inter alia,* denied motions by defendants Hertz Corporation and Cravath, Swaine & Moore for summary judgment dismissing the complaint against them.

In the early morning hours of April 30, 1989, Ruquia Sultana Khan, a 21-year-old student at Skidmore College in the City of Saratoga Springs, Saratoga County, was a passenger in the front seat of an automobile owned by defendant Hertz Corporation and leased to defendant David Darby, a paralegal employed by defendant Cravath, Swaine & Moore. Darby, who is alleged to have become intoxicated at a bar owned by defendant Desperate Annie's, Inc., drove the automobile north on Broadway at a high rate of speed until it reached the intersection of Van Dam Street, where it struck a utility pole. Both Darby and Khan were subsequently pronounced dead at Saratoga Hospital.

This action was commenced by plaintiffs, Khan's sister and father who are coadministrators of her estate, to recover damages for her conscious pain and suffering and wrongful death. Hertz moved for summary judgment dismissing the complaint on the grounds that Khan died instantly from the collision and was at no time conscious or experienced any pain or suffering. The motion was supported by an attorney's affidavit and copies of the pleadings, the motor vehicle accident report, the police offense and investigative report, the hospital emergency room record and the certificate of death. Citing *McDougald v Garber* (73 NY2d 246), Hertz contended that the uncontroverted documentary evidence indicates that the accident occurred at 4:05 A.M. and that death occurred at 4:05 A.M. and, absent proof of some level of awareness or consciousness, there can be no recovery for pain and suffering.

Cravath cross-moved for summary judgment, supporting its motion by subscribing to the factual and documentary presentation made by Hertz. In opposition, plaintiffs submitted affidavits by their attorney, Khan's sister and a physician who, based upon a reasonable degree of medical certainty, opined that the injuries sustained by Khan did not cause her instantaneous death, but that she died of hemothorax resulting from chest injuries which produced pain and that she was conscious and capable of experiencing pain. Supreme Court denied Hertz's motion, holding that the question of whether Khan experienced conscious pain and suffering due to her injuries is a matter for a jury to decide. The court also denied Cravath's cross motion and granted plaintiffs' cross motion for leave to serve an amended bill of particulars. Both Hertz and Cravath (hereinafter collectively referred to as defendants) have appealed.

Defendants contend that plaintiffs' opposition papers are inadequate in that their expert failed to include any semblance of a foundation for his opinions based upon facts in the record or personal knowledge. The affidavit of the expert in its present form is purely conclusory and thus lacks sufficient probative value to defeat a motion for summary judgment (see, Fallon v Hannay & Son, 153 AD2d 95, 102).

Summary judgment is the procedural equivalent of a trial and is a drastic remedy which should not be granted when there is any doubt as to the existence of a triable issue (Andre v Pomeroy, 35 NY2d 361, 363). The moving party is entitled to summary judgment only upon a prima facie showing that it should prevail as a matter of law (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). Defendants have relied exclusively upon the reports contained in the record to support their motions. Examination of these reports establishes that Khan suffered severe injuries, was unconscious if not dead when the police arrived, and was pronounced dead upon her arrival at the hospital. However, the reports do not establish Khan's condition during the time interval after the accident and the time the police arrived at the scene nor that death was instantaneous. It is self-evident that the accident, the call to the police and their arrival at the scene could not all have occurred at 4:05 A.M. as shown in the reports. As the moving papers are insufficient to eliminate these material issues from the case, the insufficiency of plaintiffs' opposing papers is of no consequence (see, supra). Accordingly, defendants' motions were properly denied.

Mahoney, P. J., Levine, Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.