■ THOMAS FETTERMAN, Appellant, v KIM M. EVANS, Doing Business as AIRPORT INN RESTAURANT, Respondent. [612 NYS2d 479] —Crew III, J. Appeal from an order and judgment of the Supreme Court (Rose, J.), entered March 12, 1993 in Broome County, which dismissed plaintiff's complaint.

This action arises out of injuries allegedly sustained by plaintiff on April 9, 1991 while he was visiting defendant's bar

---

3. This determination is further supported by statute (see, e.g., General Municipal Law § 864 [3] [h]; § 878 [2], [6]).

and restaurant. On that date, a fight apparently broke out between some of the tavern's patrons, during the course of which plaintiff allegedly was struck by one of the participants in the altercation. Plaintiff thereafter commenced this action against defendant alleging, *inter alia,* that defendant was negligent in failing to employ a "bouncer" and/or bar those individuals involved in the altercation from her establishment. Defendant answered, discovery ensued and the matter proceeded to trial on March 1, 1993. On that date, a jury was selected and defendant made an oral motion to limit certain testimony offered by plaintiff's expert, which Supreme Court apparently granted. Supreme Court also determined, *sua sponte,* that the trial would be bifurcated, with the jury initially deciding only the issue of liability. The following day, plaintiff moved by order to show cause for a mistrial, selection of a new jury and reconsideration of Supreme Court's prior rulings. Supreme Court denied plaintiff's application, at which point counsel for plaintiff requested that Supreme Court dismiss the case so that plaintiff could immediately appeal the adverse rulings. When Supreme Court informed plaintiff that such a dismissal would be with prejudice based upon plaintiff's failure to proceed with the trial, plaintiff reiterated his refusal to go forward. Supreme Court then dismissed the case with prejudice and this appeal by plaintiff followed.

We affirm. Assuming, without deciding, that plaintiff has standing to bring this appeal, we are of the view that Supreme Court did not abuse its discretion in ordering that the trial be bifurcated. We begin with the proposition that the decision to order a bifurcated trial rests within the sound discretion of the trial court *(see,* CPLR 603, 4011). "As a general rule, issues of liability and damages in a negligence action are distinct and severable issues which should be tried and determined separately" *(Martinez v Town of Babylon,* 191 AD2d 483, 484; *see, Armstrong v Adelman Automotive Parts Distrib. Corp.,* 176 AD2d 773; *see also,* 22 NYCRR 202.42 [a] ["(j)udges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action"]). "Although an exception to this rule is made where the nature of the injuries has an important bearing on the question of liability, [in which case] medical proof is permitted to show the causal connection between the accident and the injury in order to establish liability" *(Parmar v Skinner,* 154 AD2d 444, 445; *see, e.g.,*

*Polimeni v Bubka,* 161 AD2d 568, 569), we are of the view that the matter before us does not fall within this exception.

Contrary to plaintiff's assertion, plaintiff's injuries are not "inextricably intertwined" with the question of defendant's liability, and each of the cases relied upon by plaintiff in this regard *(see, e.g., De Gregorio v Luthern Med. Ctr.,* 142 AD2d 543; *Mignott v Sears, Roebuck & Co.,* 101 AD2d 731; *Schwartz v Binder,* 91 AD2d 660; *Williams v Adams,* 46 AD2d 952) is distinguishable. Here, defendant was prepared to stipulate that plaintiff suffered an injury *(cf., Louise B. G. v New York City Bd. of Educ.,* 143 AD2d 728, *lv denied* 73 NY2d 707). Additionally, plaintiff certainly could have testified regarding the incident in question and other evidence, to the extent that it was available, could have been admitted *(cf., Jochsberger v Morandi,* 157 AD2d 706). Under these circumstances, we are unable to conclude that Supreme Court abused its discretion in ordering, *sua sponte,* that the trial be bifurcated *(compare, Hampton Hgts. Dev. Corp. v Board of Water Supply,* 140 AD2d 959; *Mc Evily Plumbing & Heating Contr. v City of Rochester,* 50 AD2d 1083). We have examined plaintiff's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Mercure, Weiss and Yesawich Jr., JJ., concur. Ordered that the order and judgment is affirmed, with costs.