■ John Mason et al., Individually and as Parents and Guardians of John Mason, Jr., an Infant, Respondents, v Francis E. Moore, Jr., et al., Appellants. [641 NYS2d 195]
—White, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered May 25, 1995 in Broome County, which denied defendants' motion for, *inter alia*, a bifurcated trial.

This medical malpractice action arises from the treatment

rendered by defendants to plaintiff Julie Mason and her son, John Mason, Jr., during the course of labor and delivery of the child on May 27, 1990, as well as the treatment administered to him after his birth. Plaintiffs allege that because of defendants' negligent treatment, their son sustained brain damage as a result of asphyxia during delivery, resulting in spastic quadriplegia with severe developmental delays and physical disability. Prior to commencement of the trial of this matter, defendants brought a motion requesting that the liability and damages portions of the trial be bifurcated for the purpose of avoiding prejudice to defendants from any sympathy the jurors might feel for plaintiffs' child. For the same reason, defendants also sought to exclude plaintiffs' son from the courtroom during the liability portion of the trial. Supreme Court denied the motion in its entirety and this appeal by defendants ensued.

Bifurcation of the trial of a personal injury action is appropriate where the questions of liability and damages are discrete and such procedure will result in a shorter, simpler, less expensive trial (*see, Stanford v Resler*, 206 AD2d 468; *Fetterman v Evans*, 204 AD2d 888, 889). Conversely, bifurcation is not appropriate where the nature of the injuries has an important bearing on the question of liability (*see, Amato v Hudson County Montessori School*, 185 AD2d 803, 804; *Parmar v Skinner*, 154 AD2d 444, 445).

Here, plaintiffs have shown that it will be necessary for their medical experts to analyze the infant's injuries and symptoms to support their opinion that asphyxia caused his condition. Notably, defendants' medical experts will also refer to the infant's medical history to support their claim that his disability is attributable to a subarachnoid hemorrhage rather than asphyxia. Therefore, inasmuch as the liability and damages issues are entwined, Supreme Court did not abuse its discretion in denying defendants' request for a bifurcated trial (*see, De-Gregorio v Lutheran Med. Ctr.*, 142 AD2d 543, 544).

It is axiomatic that, absent an express waiver or unusual circumstances, a party to a civil action is entitled to be present during all stages of the trial (*see, Liquori v Barrow*, 160 AD2d 843, 844; *Matter of Radjpaul v Patton*, 145 AD2d 494, 497-498). In our view where, as here, the movant relies solely on a stereotypical assumption that a party's disability will prejudice the jury, there are insufficient grounds for excluding that party from the trial. Thus, Supreme Court properly denied defendants' request to exclude the infant.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.