MARGARET L. BROWN, Respondent, v ROBERT J. CONGEL et al., Doing Business as PYRAMID CROSSGATES COMPANY, et al., Appellants. (Action No. 1.) MARGARET L. BROWN, Respondent, v HOYTS CINEMA CORPORATION, Appellant. (Action No. 2.) (And a Third-Party Action.) [660 NYS2d 507] —Casey, J. Appeals (1) from an order of the Supreme Court (Harris, J.), entered September 20, 1996 in Albany County, which denied defendant's motion in action No. 2 for summary judgment dismissing the complaint and all cross claims against it, and (2) from an order of said court, entered November 26, 1996 in Albany County, which, inter alia, denied defendants' motion in action No. 1 to bifurcate the trial.

On July 1, 1992 at approximately 9:15 P.M., plaintiff was assaulted in the parking lot at Crossgates Mall in Albany County after having attended a movie with a friend in a theater operated by defendant Hoyts Cinema Corporation. The assault occurred after plaintiff and her friend had parted company and while plaintiff was attempting to unlock her car door. Plaintiff was attacked from behind and robbed, resulting in serious injuries and the loss of her pocketbook.

Plaintiff commenced action No. 1 against Pyramid Crossgates Company, as owner of the mall, and action No. 2 against Hoyts. The two actions were joined and Hoyts then crossclaimed against Pyramid based, inter alia, on a lease provision between these parties which placed the responsibility for the care of all common areas, including the parking lots, on Pyramid. Pyramid Management Group, Inc. (hereinafter PMGI) was joined as a third-party defendant by Hoyts in action No. 2 and plaintiff amended the complaint in action No. 1, naming PMGI as an additional defendant.

Hoyts moved for summary judgment dismissing the com-

plaint and all cross claims in action No. 2, which all of the other parties opposed. Supreme Court denied the motion, finding a question of fact regarding whether Hoyts "did occupy, control or have 'special use' of the 'late lighting area' where the plaintiff was assaulted and thereby owed a duty to the plaintiff with regard to dangerous conditions on the property". An order was entered on September 20, 1996 from which Hoyts now appeals.

Pyramid and PMGI then moved for a bifurcated trial claiming that they could not receive fair and impartial consideration if plaintiff was allowed to introduce proof of her injuries at the liability trial. Hoyts cross-moved for a bifurcated trial, leave to reargue the summary judgment motion and for summary judgment. Plaintiff opposed both motions. Supreme Court granted reargument but adhered to its prior determination. The court then denied the motions for a bifurcated trial on the basis that the type, kind and severity of plaintiff's injuries had an important bearing on the issue of liability. Hoyts, Pyramid and PMGI appeal from this order entered November 26, 1996.

We find that Supreme Court improperly denied Hoyts' motion for summary judgment. " 'Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises' " (*Masterson v Knox*, 233 AD2d 549, 550, quoting *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296, *lv dismissed, lv denied* 73 NY2d 783). Where, as here, none of these elements are present, Hoyts owed no duty of care to plaintiff to guard or protect her in the parking lot, which was used in common with all other patrons of the mall and was located outside the mall building, two levels below the theater leased to Hoyts and at least 100 yards away from the mall proper. Lacking such duty, Hoyts cannot be held liable in negligence for plaintiff's injuries (*see, Zadarosni v F. & W. Restauranteurs*, 192 AD2d 1051, 1052). Accordingly, plaintiff's complaint in action No. 2 should be dismissed in its entirety.

Finally, we find no abuse of discretion by Supreme Court in denying the request by Pyramid and PMGI to bifurcate the trial in action No. 1* as the nature of plaintiff's injuries has an important bearing on the issue of liability (*see, Mason v Moore*, 226 AD2d 993, 994).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order entered September 20, 1996 is

---

\* Our decision to dismiss action No. 2 renders academic Hoyts' argument in this regard.

reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint in action No. 2 dismissed. Ordered that the order entered November 26, 1996 is affirmed, without costs.