■ ANTHONY DARWAK, Individually and as Father and Guardian of MARK DARWAK, an Infant, Appellant, v BENEDICTINE HOSPITAL et al., Respondents. [669 NYS2d 417] —Crew III, J. Appeals (1) from two judgments of the Supreme Court (Torraca, J.), entered November 3, 1995 in Ulster County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered November 3, 1995 in Ulster County, which denied plaintiff's motion to set aside the verdict.

This medical malpractice action stems from the events surrounding the labor and delivery of plaintiff's son, Mark Darwak (hereinafter the infant), on May 10, 1983 at defendant Benedictine Hospital located in the City of Kingston, Ulster County. During the early morning hours of May 10, 1983, the infant's mother, Vicki Darwak (hereinafter Darwak), contacted her obstetrician, defendant Paul E. Kross, expressing concern that her membranes may have ruptured. Kross, who knew based upon a previous examination that the infant was presenting in a breech position, directed Darwak to go to the hospital for further evaluation. Kross thereafter telephoned the hospital and spoke with the obstetrical charge nurse, relaying various orders for Darwak's care. Shortly after Darwak arrived at the hospital, the umbilical cord prolapsed. Kross was advised of this event and, upon arriving at the hospital, delivered the infant by Cesarean section.

Plaintiff thereafter commenced this action against, insofar as is relevant to this appeal, Kross and the hospital alleging that the infant sustained serious, permanent injuries as a result of

defendants' malpractice.* Following joinder of issue and discovery, the matter proceeded to trial, at the conclusion of which the jury returned a verdict in favor of defendants. Plaintiff's subsequent motion to set aside the verdict was denied and these appeals ensued.

Initially, we reject plaintiff's contention that Supreme Court (Carpinello, J.) abused its discretion in directing that a bifurcated trial be held. At a preliminary conference conducted in this matter in June 1995, plaintiff's trial counsel stated that he was not aware of the court's decision to bifurcate the trial and that he "[might] ask to reopen this issue". There is no indication in the record, however, that trial counsel ever sought to revisit this issue, and although the record does contain various references to the fact that this was a bifurcated trial, it fails to reflect that plaintiff objected to this procedure. Having failed to do so, plaintiff has not preserved this issue for review. Moreover, were we to reach this issue, we would conclude that the nature of the infant's injuries did not have an important bearing on the issue of liability and, as such, Supreme Court was not compelled to order a joint trial (*compare, Mason v Moore*, 226 AD2d 993).

As to the trial itself, plaintiff has withdrawn any claim that the infant impermissibly was excluded from the courtroom—a contention that we would find to be lacking in merit in any event. The remaining issues raised by plaintiff center upon Supreme Court's charge to the jury. Specifically, plaintiff contends that Supreme Court erred with respect to its charge on the "locality rule" and in failing to charge the jury as to ordinary negligence. Plaintiff further asserts that the jury should have been instructed that plaintiff bore a diminished burden of proof in accordance with *Noseworthy v City of New York* (298 NY 76). The record reveals, however, that plaintiff did not request the aforementioned instructions at the charge conference, nor did he object to the charge as given with respect to these issues. Accordingly, any error in this regard has not been preserved for our review. Moreover, we are not persuaded that the errors alleged are so fundamental as to compel a new trial (*see, e.g., McAteer v Arden Hill Hosp.*, 170 AD2d 758, 760). Supreme Court's charge as to malpractice was almost verbatim as that set forth in the New York Pattern Jury Instructions (*see*, PJI3d 2:150, 2:151 [1998]), and the *Nose-*

---

* Although Mohawk Ambulance, Parkland Ambulance Service, Inc., Eligio Degamo, Degamo M.D. Anesthesia Service and Albany Medical Center also were named as defendants, all causes of action against these defendants subsequently were withdrawn.

*worthy* doctrine simply was not applicable to the facts of this case.

Although plaintiff did object to Supreme Court's refusal to give a "schools of thought" charge and its decision to charge the jury as to intervening cause, the court's actions in this regard did not constitute reversible error. Notably, with respect to the intervening cause issue, the jury was instructed that "nothing * * * Darwak did or did not do can be held to constitute negligence on the part of the infant" and ultimately concluded that Darwak did not fail to follow the directions of the nursing staff at the hospital on the morning in question. Hence, any confusion that the court's charge may have engendered in no way prejudiced plaintiff.

Finally, plaintiff asserts that the verdict sheet, which was prepared by counsel for the hospital, prejudiced the jury's deliberations because the name of the hospital's law firm appeared on the bottom of the form. Again, by failing to object to this issue at trial, plaintiff has not preserved this claim for appellate review. Were we to reach this issue, we would not find this sufficient to constitute grounds for a new trial, particularly in view of Supreme Court's explanation to the jury as to why counsel had prepared the verdict sheet. Plaintiff's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgments and order are affirmed, without costs.