■ JACQUELYN BARRON, Individually and as Administrator of the Estate of NICHOLE L. BARRON, Deceased, Respondent, v JASON A. TERRY, an Infant, by PAMELA A. POVERO, His Parent and Guardian, et al., Appellants, et al., Defendants. [702 NYS2d 171] —Spain, J. Appeal from that part of an order of the Supreme Court (Ellison, J.), entered September 29, 1998 in Chemung County, which denied a motion by certain defendants for partial summary judgment and for bifurcation of the trial.

In June 1995, defendant Jason A. Terry was driving a car in which Nichole L. Barron (hereinafter decedent) and several other teenage friends were passengers. Suddenly, one of the passengers seated next to Terry grabbed the steering wheel and jerked it to the right. Terry was able to regain control, but the passenger grabbed the steering wheel again and jerked it harder, causing the vehicle to leave the road and travel through the air, finally coming to rest on its side. Decedent was taken to a hospital where she remained in a coma and died eight days later.

Plaintiff commenced this negligence action, individually and as administrator of decedent's estate, against, among others, Terry and his mother and stepfather (hereinafter collectively

referred to as defendants). After answering, defendants moved, *inter alia*, (1) for partial summary judgment seeking dismissal of plaintiff's claim for decedent's postimpact conscious pain and suffering, and (2) to bifurcate the trial as to liability and damages. Supreme Court denied defendants' motion. Defendants now appeal.

We affirm. It is well settled that when a party moves for summary judgment, "[t]he moving party has the initial burden of making a prima facie showing of entitlement to relief * * * and once this burden is satisfied the nonmoving party must present admissible evidence that a triable issue of fact exists" (*Lebanon Val. Landscaping v Town of Moriah*, 258 AD2d 732, 733-734 [citation omitted]). Here, defendants claim that they have made a prima facie showing that decedent suffered no postimpact conscious pain and suffering. Defendants rely exclusively on the EMT/ambulance records and the hospital records which show that decedent was unconscious and unresponsive to pain when she was found at the scene, and throughout her stay at the hospital until the time of her death.

Recovery of damages for decedent's pain and suffering requires plaintiff to demonstrate that decedent "evinced ' "some level of awareness" ' " prior to her death (*Saguid v Kingston Hosp.*, 213 AD2d 770, 772, *appeal dismissed* 87 NY2d 861, *lv dismissed* 88 NY2d 868, quoting *McDougald v Garber*, 73 NY2d 246, 255). However, this Court has held that summary judgment should not be granted where a party—such as defendants herein—relies exclusively on medical records to show that a decedent was unconscious when found at the scene and continued to be unconscious thereafter, if the reports do not establish the decedent's unconscious condition during the interval immediately after the accident but before emergency help arrived (*see, Jehle v Hertz Corp.*, 174 AD2d 812, 813). Supreme Court correctly denied defendants' motion in this regard where the medical records proffered by defendants failed to make a prima facie showing that decedent suffered no postimpact pain and suffering. Further, since defendants failed to meet their initial burden, the sufficiency of plaintiff's submissions is inconsequential (*see, id.*, at 813).

We also conclude that Supreme Court properly denied defendants' request for a bifurcated trial. While "the decision to order a bifurcated trial rests with the sound discretion of the trial court" (*Fetterman v Evans*, 204 AD2d 888, 889), "[a]s a general rule, issues of liability and damages in a negligence action are distinct and severable issues which should be tried and determined separately" (*Martinez v Town of Babylon*, 191

AD2d 483, 484). They should be tried together only when "the nature of the injuries has an important bearing on the question of liability" (*Parmar v Skinner*, 154 AD2d 444, 445; *see, Fetterman v Evans, supra*, at 890; *see also, Darwak v Benedictine Hosp.*, 247 AD2d 771, 772, *appeal dismissed* 92 NY2d 845; *Brown v Congel*, 241 AD2d 880, 881; *Mason v Moore*, 226 AD2d 993, 994), such as when the injuries are "inextricably intertwined with the question of liability * * * [or] where 'the injuries themselves are probative in determining how the incident occurred'" (*Parmar v Skinner, supra*, at 445, quoting *DeGregorio v Lutheran Med. Ctr.*, 142 AD2d 543, 544 [citations omitted]; *see, Polimeni v Bubka*, 161 AD2d 568, 569).

Here, plaintiff states in her bill of particulars that she plans to show that decedent suffered from preimpact or predeath terror in that decedent "was aware that the accident was happening and was in fear of the injuries it could cause". Thus, the proof of this injury would overlap with the proof regarding liability. Accordingly, since the nature of the alleged injuries is intertwined with the question of liability, Supreme Court did not err when it denied defendants' request for a bifurcated trial.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.