■ WILLIAM WARREN et al., Appellants, v MICHELLE LEONE, Also Known as MICHELLE FERRANTE, Respondent. [747 NYS2d 668] —Appeal from a judgment of Supreme Court, Onondaga County (Murphy, J.), entered July 5, 2001, which dismissed the complaint upon a jury verdict of no cause for action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from a judgment entered upon a jury verdict of no cause for action in this personal injury action. At approximately 9:30 P.M. on December 19, 1998, William Warren (plaintiff) made a pizza delivery to defendant's home as a favor to friends who were employed at the restaurant from which the pizza was ordered. Plaintiff stepped from his vehicle and began walking toward defendant's house, selecting a route near the boundary of defendant's property between two cars that were parked in front of defendant's house. Plaintiff stumbled and fell several feet from his vehicle, breaking his ankle. Plaintiffs commenced this action alleging, inter alia, that plaintiff fell as the result of a dangerous condition on defendant's property. In her answer defendant denied the allegation in the complaint that the fall had occurred on her property.

In returning a verdict of no cause for action, the jury responded in the negative to the question on the verdict sheet, "Did this fall occur on defendant's property?" We reject plaintiffs' contention that Supreme Court erred in submitting that question to the jury. "Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of such premises" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296, *lv denied in part and dismissed in part* 73 NY2d 783; *see Brown v Congel*, 241 AD2d 880, 881). Here, plaintiffs alleged that defendant was liable as the owner of the property where plaintiff fell and, alternatively, that defendant's liability was predicated upon defendant's special use of the property. Thus, in the absence of a duty of care premised on ownership or a special use, defendant cannot be held liable in negligence for plaintiff's injury (*see Brown,* 241 AD2d at 881; *Balsam,* 139 AD2d at 296-297). Contrary to plaintiffs' contention, defendant placed ownership of the property at issue by denying ownership in her answer, and she was not required to plead lack of ownership as an affirmative defense in order to place that issue before the jury (*see Stevens v Northern Lights Assoc.,* 229 AD2d 1001, 1002; *see also Millard v City of Ogdensburg,* 274 AD2d 953). Also contrary to plaintiffs' conten-

tion, the court properly refused to charge the jury on special use because plaintiffs failed to present evidence that would support a finding of special use (*see generally Kaufman v Silver,* 90 NY2d 204). Finally, we conclude that the verdict is not against the weight of the evidence inasmuch as plaintiffs offered no proof that defendant owned the property where plaintiff fell, nor did defendant admit ownership (*see generally Lolik v Big V Supermarkets,* 86 NY2d 744, 746). Present— Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.