■ AUBREY GITTLEMAN, Appellant, v ISMAEL BERRIOS, Respondent. [761 NYS2d 554] —Rose, J. Appeal from an order of the Supreme Court (Clemente, J.), entered October 4, 2002 in

---

* Although an affirmative defense to this crime now exists (Penal Law § 190.84), it was not in effect at the relevant time.

Sullivan County, which denied plaintiff's motion to bifurcate the trial.

Plaintiff commenced this action to recover damages for the injuries he allegedly sustained as a result of having been struck in the back of the head with a pillow. After the action was scheduled for trial, plaintiff moved for bifurcation on the grounds that while the liability phase of the trial would be brief and involve only the resolution of the parties' conflicting accounts of the incident, the damages phase would be lengthy and expensive because it would involve several expert witnesses. Supreme Court denied plaintiff's motion, and plaintiff appeals.

We affirm because the nature and extent of plaintiff's injuries will likely have an important bearing on the question of how the incident occurred (*see Barron v Terry*, 268 AD2d 760, 762 [2000]; *Mason v Moore*, 226 AD2d 993, 994 [1996]; *Fetterman v Evans*, 204 AD2d 888, 889 [1994]). In addition, although plaintiff asserts that he would need to call at least three experts to testify regarding his injuries, we note that his claim is relatively uncomplicated and that the expert testimony would not necessarily be lengthy or complex. Thus, as plaintiff failed to demonstrate that bifurcation would "assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42 [a]), we find no abuse of Supreme Court's discretion.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.