■ CAROLYN A. PICCIONE, Respondent, v TRI-MAIN DEVELOPMENT, L.P., Appellant. [773 NYS2d 665]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered July 29, 2003. The order denied defendant's motion to bifurcate the trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Supreme Court abused its discretion in denying defendant's motion to bifurcate the trial. " 'As a general rule, issues of liability and damages in a negligence action are distinct and severable issues which should be tried separately' " (*Loncz v Blagrove*, 254 AD2d 735, 736 [1998], quoting *Martinez v Town of Babylon*, 191 AD2d 483, 484 [1993]). Here, plaintiff does not contend that her injuries have any bearing on the issue of liability (*see Stevens v Dorsaneo*, 267 AD2d 997 [1999]), and she has failed to establish that bifurcation would not "assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42 [a]; *see Delano v Grazulewicz*, 300 AD2d 1064, 1065 [2002]). Present— Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Lawton, JJ.