█ CARLYNANN V. JOHNSON, Individually and as Administrator of the Estate of WARREN D. JOHNSON, Deceased, Respon-

dent, v HUDSON RIVER CONSTRUCTION COMPANY, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [786 NYS2d 250]—

Kane, J. Appeal from an order of the Supreme Court (Canfield, J.), entered March 24, 2004 in Rensselaer County, which denied certain defendants' motion to bifurcate the trial.

A dump truck backed up and struck plaintiff's decedent, causing injuries which led to his death. When plaintiff's action neared trial, defendants Hudson River Construction Company, Inc. and Albany Asphalt and Aggregates Corporation (hereinafter collectively referred to as defendants) moved to bifurcate the liability and damages phases of the trial. Supreme Court denied the motion, prompting defendants to appeal.

We affirm. CPLR 603 provides that "[i]n furtherance of convenience or to avoid prejudice the court *may* . . . order a separate trial of any claim, or of any separate issue" (CPLR 603 [emphasis added]). The statute's permissive language rests any determination on bifurcation within the trial court's sound discretion (*see Barron v Terry*, 268 AD2d 760, 761 [2000]), and in no area is a trial court's discretion entitled to more deference than in the control of its calendar. Here, if the trial was bifurcated, decedent's spouse would have to endure two trials and it is likely that two separate juries would need to be empaneled due to the coordination of expert witnesses. Supreme Court was in the best position to evaluate whether a defense verdict was likely so as to obviate the necessity of a second trial, and the court could properly reject defendants' argument that the matter would settle after the liability phase based on the conduct of counsel during the litigation. While a court rule encourages judges to bifurcate the liability and damages aspects of personal injury actions "where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42 [a]), Supreme Court's denial of defendants' motion was not an abuse of discretion because the court reasonably concluded that bifurcation would not result in a more expeditious resolution of the action.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.