■ Thomas E. Carpenter, as Administrator of the Estate of Brian T. Carpenter, Deceased, Respondent, v County of Essex, Appellant. (Action No. 1.) David Malbon et al., Individually and as Parents and Guardians of David Malbon II, Respondents, v County of Essex, Appellant, and Thomas E. Carpenter, Individually and as Administrator of the Estate of Brian T. Carpenter, Deceased, Respondent. (And a Third-Party Action.) (Action No. 2.) [888 NYS2d 278]—

Kane, J. Appeal from an order of the Supreme Court (Dawson, J.), entered December 19, 2008 in Essex County, which denied the motion of defendant County of Essex to bifurcate the trial.

In 2005, an automobile accident occurred in Essex County that resulted in the death of the driver (hereinafter decedent), the permanent and grievous injury of the front-seat passenger, and the injury of the back-seat passenger. The accident occurred while the three young men were driving southbound on County Route 7 when their vehicle entered a curve. It is alleged that decedent swerved to avoid an oncoming county truck, ran off the edge of the right side of the road with two wheels, managed to drive back onto the highway, but in doing so swerved again, causing the vehicle to tip over, cross the road and slide into a tree. Defendant County of Essex had recently resurfaced the highway, leaving an abrupt and marked difference between the height of the highway's new surface and the shoulder. In addition, the County had not yet painted the center, shoulder or fog lines. Decedent perished as a result of the accident and the front-seat passenger suffered a catastrophic head injury allegedly leaving him with no memory of the accident.

In 2006, Thomas E. Carpenter, decedent's father, commenced action No. 1, a wrongful death suit, against the County for, among other things, failing to properly design, construct and

maintain its highway.[1] Shortly thereafter, plaintiffs David Malbon and Maria Malbon, parents of the front-seat passenger, commenced action No. 2, a personal injury action, against Carpenter, individually and as administrator of decedent's estate, for negligence and against the County for negligent design. After the actions were joined for trial, the County moved to bifurcate the trial into an initial trial on liability and, if necessary, a trial on damages. Supreme Court denied that motion, and we affirm.

Supreme Court did not abuse its discretion by denying the County's request for bifurcation of the issues of liability and damages. The trial court is "in the best position to evaluate whether a defense verdict was likely so as to obviate the necessity of a second trial" and is therefore afforded great discretion and equally great deference (*Johnson v Hudson Riv. Constr. Co., Inc.*, 13 AD3d 864, 865 [2004]; *see Sommer v Pierre*, 51 AD3d 464, 465 [2008]). That discretion is properly exercised if the court reasonably concludes that bifurcation would not result in a more expeditious resolution of the actions (*see Johnson v Hudson Riv. Constr. Co., Inc.*, 13 AD3d at 865; 22 NYCRR 202.42 [a]; *see also* CPLR 603), or that " 'the nature of the injuries has an important bearing on the question of liability' " (*Barron v Terry*, 268 AD2d 760, 762 [2000], quoting *Parmar v Skinner*, 154 AD2d 444, 445 [1989]).

There is little question but that the front-seat passenger's action will not result in a complete defense verdict after the liability phase of trial. Consequently, bifurcation would not hasten the end of action No. 2. The parties would have to "endure two trials and it is likely that two separate juries would need to be empaneled due to the coordination of expert witnesses" (*Johnson v Hudson Riv. Constr. Co., Inc.*, 13 AD3d at 865). Here, bifurcation would likely prolong adjudication of these actions as well as the emotional toll taken on the families.[2]

The nature of the injuries suffered in this accident has an important bearing on the question of liability, rendering bifurcation inappropriate because the "liability and damages issues are entwined" (*Mason v Moore* 226 AD2d 993, 994 [1996]; *see DeGregorio v Lutheran Med. Ctr.*, 142 AD2d 543, 544 [1988]). The front-seat passenger seeks a lesser burden of proof at the

---

1. The complaint in action No. 1 also alleges that the oncoming truck that decedent initially swerved to avoid was owned by the County and being driven in a negligent manner by a County employee.

2. Supreme Court could reasonably reject the County's argument that settlement would be likely following the liability phase (*see Johnson v Hudson Riv. Constr. Co., Inc.*, 13 AD3d at 865).

liability phase based upon his alleged memory loss as a result of his injuries (*see* PJI 1:62). To obtain this lesser burden, he will need to establish by expert medical proof that he has a genuine memory loss as a result of this accident (*see Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 334-335 [1986]). The same medical expert who will testify to these circumstances at the liability phase will have to testify again at the damages phase. Additionally, plaintiffs seek damages for preimpact terror. They will be required to call both the back-seat passenger and a reconstruction expert—fact witnesses regarding liability—at the damages phase to prove the movement of the vehicle, the elapsed time of the accident and any utterances by decedent (*see Barron v Terry*, 268 AD2d at 762).

Finally, the County raises a seat belt defense as to both decedent and the front-seat passenger. Countering this defense will require plaintiffs to call the initial responders during the damages phase to elicit their observations concerning the status of the seat belts and the positions of the occupants in the vehicle. Plaintiffs may also have to re-call an accident reconstruction expert concerning the nature of the impact and damage to the vehicle to prove whether the injuries would have been suffered with or without seat belts (*compare Spier v Barker*, 35 NY2d 444, 449-450 [1974]; *Lustyik v Manaher*, 246 AD2d 887, 888-889 [1998]). As it would be improvident to separate the issues of liability from damages, Supreme Court did not abuse its discretion in denying the County's request.

Peters, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the order is affirmed, with one bill of costs.