OPINION OF THE COURT
Phillip R. Rumsey, J.
This case arises from a motor vehicle accident that occurred on June 30, 2003 on Hotchkiss Road in the Town of Greene, in which plaintiff Kurtis Madden, then 16 years old (hereinafter plaintiff; his mother sues derivatively), was seriously injured. Defendants previously moved for summary judgment, in response to which plaintiff cross-moved for partial summary judgment on the issue of the breach of the duty of care by defendant Town of Greene. By decision and order dated May 21, 2008, the Town’s motion was granted, to the extent of dismissing plaintiff’s claims for negligent maintenance or repair of the existing guide rail, and was otherwise denied, and all remaining motions were denied. On appeal, the court’s order was affirmed.[1] Defendant Town of Greene (herein defendant or Town) now moves, pursuant to CPLR 603, to bifurcate the trial, with an initial trial on liability and, if necessary, a subsequent trial on damages.[2] Plaintiff opposes the motion.
A request for bifurcation, to sever the issues of liability and damages, is properly denied if the court reasonably concludes, in its discretion, that bifurcation would not result in a more expeditious resolution of the action, or that “the nature of the injuries has an important bearing on the question of liability” (Carpenter v County of Essex, 67 AD3d 1106, 1107 [2009] [internal quotation marks and citations omitted]; accord Johnson v Hudson Riv. Constr. Co., Inc., 13 AD3d 864 [2004]; Barron v Terry, 268 AD2d 760 [2000]; see also CPLR 603; Uniform Rules for Trial Cts [22 NYCRR] § 202.42 [a]). At the outset, the court notes the striking similarity between the facts at issue in this action and Carpenter and — like the Carpenter court — concludes that bifurcation is not appropriate.
Here, bifurcation is inappropriate because defendant has failed to establish that it will result in more expeditious resolu *434 tion of the matter. The court is unable to conclude, on the present record, that a defense verdict is likely on the issue of liability — thereby making a second trial unnecessary — because resolution of the relevant issues regarding the Town’s duty to install a proper guide rail and, if so, whether it would have prevented plaintiffs serious injuries, will require substantial expert testimony (see Carpenter, 67 AD3d at 1107, citing Johnson v Hudson Riv. Constr. Co., Inc., 13 AD3d at 865). Thus, if the trial is bifurcated, it is likely that the “parties would have to ‘endure two trials and . . . that two separate juries would need to be empaneled due to the coordination of expert witnesses’ ” (Carpenter, 67 AD3d at 1107, quoting Johnson v Hudson Riv. Constr. Co., Inc., 13 AD3d at 865).
Bifurcation is also inappropriate in this case because the nature and extent of plaintiffs injuries have an important bearing on the issue of liability (Carpenter, 67 AD3d 1106 [2009]; Gittleman v Berrios, 307 AD2d 451 [2003]; Barron v Terry, 268 AD2d 760 [2000]; Mason v Moore, 226 AD2d 993 [1996]; cf. Smith v Sullivan, 99 AD2d 776 [1984] [bifurcation appropriate where the medical proof submitted by the plaintiff, who opposed bifurcation, established that the extent of the injuries he sustained in a swimming pool accident was not relevant to liability because they were not affected by the severity of impact]). If it is determined that the Town failed to provide a proper guide rail, its liability will turn on whether plaintiffs vehicle left the road in a location that would have been protected by a proper guide rail and, if so, whether plaintiff would have avoided serious injury as a result. The nature and extent of plaintiffs injuries are relevant to liability, because they are used by the parties’ experts as evidence of the location where his car left the road — a potentially determinative issue on which they disagree (see affidavit of Erin Mead, sworn to Oct. 22, 2009, 1Í1Í 29-36, and expert opinions referenced therein).
In addition, it would be improvident to separate the issues of liability and damages in view of the likelihood that a number of witnesses will be required to provide testimony as to both (Carpenter, 67 AD3d 1106 [2009]). Plaintiff testifies that he sustained memory loss as a result of the accident. To obtain a lesser burden of proof at the liability phase on that basis, he will be required to submit proof — from a medical expert expected to provide testimony regarding damages — of genuine memory loss caused by the accident (id.). Moreover, testimony from the initial responders to the accident scene concerning the *435 status of the seat belts and plaintiffs position in the vehicle immediately after the accident would be relevant, at the damages stage, to the seat belt defense asserted by the Town. Additionally, their testimony concerning the location where plaintiffs vehicle left the road may well be relevant to liability (id.). Finally, the testimony of the parties’ accident reconstruction experts — who are expected to testify concerning liability — would likewise be relevant to the seat belt defense (id.).
Defendant’s motion is denied.

. See Madden v Town of Greene, 64 AD3d 1117 (2009). Complete statements of the factual background of the accident are set forth in the prior decisions.

. Defendants Cálice and Freeman have not made any motion with respect to bifurcation, but have submitted the affidavit of their counsel by which they request that the Town’s motion be granted.