Zbock v Gietz (2018 NY Slip Op 04467)





Zbock v Gietz


2018 NY Slip Op 04467


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


647 CA 18-00183

[*1]COLLEEN M. ZBOCK, AS ADMINISTRATRIX OF THE ESTATE OF JOHN P. ZBOCK, JR., DECEASED, PLAINTIFF-RESPONDENT,
v
DANIEL B. GIETZ, DEFENDANT, PHILLIP C. FOURNIER, FOURNIER ENTERPRISES, INC., AND COPE BESTWAY EXPRESS, INC., DOING BUSINESS AS BESTWAY DISTRIBUTION SERVICE, DEFENDANTS-APPELLANTS. 






BURDEN, HAFNER & HANSEN, LLC, BUFFALO (PHYLISS A. HAFNER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark Montour, J.), entered December 1, 2017. The order denied the motion of defendants Phillip C. Fournier, Fournier Enterprises, Inc., and Cope Bestway Express, Inc., doing business as Bestway Distribution Service, to bifurcate the trial. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, as administratrix of decedent's estate, commenced this action seeking damages for decedent's wrongful death and conscious pain and suffering allegedly resulting from a motor vehicle accident. Among the vehicles involved in the accident was a tractor-trailer owned by defendants Fournier Enterprises, Inc. and Cope Bestway Express, Inc., doing business as Bestway Distribution Service, and operated by defendant Phillip C. Fournier (collectively, Fournier defendants). On a prior appeal, we determined that Supreme Court (Drury, J.), inter alia, properly denied those parts of the motion of the Fournier defendants seeking summary judgment on the issues of negligence, proximate cause and the applicability of the emergency doctrine, and seeking dismissal of plaintiff's claim for damages based upon decedent's preimpact terror (Zbock v Gietz, 145 AD3d 1521, 1522-1523 [4th Dept 2016]).
Following our decision in the prior appeal, the Fournier defendants moved to bifurcate the liability and damages portions of the trial. We conclude that Supreme Court (Montour, J.) did not abuse its discretion in denying their motion. "As a general rule, [i]ssues of liability and damages in a negligence action are distinct and severable issues that should be tried and determined separately' " (Wesselenyi v Santiago [appeal No. 1], 286 AD2d 964, 964 [4th Dept 2001]; see Piccione v Tri-main Dev., 5 AD3d 1086, 1087 [4th Dept 2004]). Here, however, plaintiff established that bifurcation would not assist in clarification or simplification of the issues or a more expeditious resolution of the action (see Carlson v Porter [appeal No. 2], 53 AD3d 1129, 1131 [4th Dept 2008], lv denied 11 NY3d 708 [2008]; Mazur v Mazur, 288 AD2d 945, 945-946 [4th Dept 2001]). Inasmuch as plaintiff seeks damages for decedent's alleged preimpact terror, "the proof of [his] injury would overlap with the proof regarding liability [and thus] the nature of the alleged injuries is intertwined with the question of liability" (Barron v Terry, 268 AD2d 760, 762 [3d Dept 2000]; see Carpenter v County of Essex, 67 AD3d 1106, 1108 [3d Dept 2009]). In addition, we note that the court was in the best position to evaluate the contentions of the Fournier defendants that a defense verdict on liability "was likely so as to [*2]obviate the necessity of a second trial" (Johnson v Hudson Riv. Constr. Co., Inc., 13 AD3d 864, 865 [3d Dept 2004]), and that settlement was likely if they did not prevail at the liability phase of a bifurcated trial (see Carpenter, 67 AD3d at 1107 n 2; Johnson, 13 AD3d at 865), and we decline to disturb the court's exercise of discretion in declining to bifurcate the trial on those grounds here.
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court