Fu v County of Wash. (2018 NY Slip Op 05556)





Fu v County of Wash.


2018 NY Slip Op 05556


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018

526096

[*1]VIRGINIA FU, Respondent,
v
COUNTY OF WASHINGTON, Appellant. (And Another Related Action.)

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


FitzGerald Morris Baker Firth PC, Glens Falls (John D. Aspland Jr. of counsel), for appellant.
Martin, Harding & Mazzotti, LLP, Albany (Cassandra A. Kazukenus of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Bruening, J.), entered August 23, 2017 in Washington County, which denied defendant's motion to bifurcate the trial.
Plaintiff commenced this action to recover damages for the injuries she allegedly sustained when she collided with a concrete culvert after an icy patch in the road caused her to lose control of her vehicle [FN1]. Following joinder of issue and
discovery, defendant moved for summary judgment, which motion was denied. On appeal, this Court modified, to the extent of dismissing plaintiff's claim alleging a dangerous condition due to the presence of snow and ice on the road, and otherwise affirmed (144 AD3d 1478, 1478-1480 [2016]). When plaintiff's action neared trial, defendant moved to bifurcate the liability and damages phases of the trial. Supreme Court denied defendant's motion, and defendant now appeals. We affirm.
"In furtherance of convenience or to avoid prejudice the court may . . . order a separate [*2]trial of any claim, or of any separate issue" (CPLR 603 [emphasis added]; see Johnson v Hudson Riv. Constr. Co., Inc., 13 AD3d 864, 865 [2004]). In this regard, we are mindful that trial "[j]udges are encouraged to order a bifurcated trial . . . where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42 [a]). That said, as the trial court is "in the best position to evaluate whether a defense verdict was likely so as to obviate the necessity of a second trial," its determination on bifurcation rests within its sound discretion and is afforded great deference (Johnson v Hudson Riv. Constr. Co., Inc., 13 AD3d at 865; see Carpenter v County of Essex, 67 AD3d 1106, 1107 [2009]). The court properly exercises its discretion when it "reasonably concludes that bifurcation would not result in a more expeditious resolution of the actions, or that the nature of the injuries has an important bearing on the question of liability" (Carpenter v County of Essex, 67 AD3d at 1107 [internal quotation marks and citations omitted]; see 22 NYCRR 202.42 [a]; Parmar v Skinner, 154 AD2d 444, 445 [1989]), such as when the injuries are "inextricably intertwined with the question of liability or where the injuries themselves are probative in determining how the incident occurred" (Barron v Terry, 268 AD2d 760, 761-762 [2000] [internal quotation marks, ellipsis, brackets and citations omitted]).
Here, plaintiff's experts are expected to testify as to, among other things, the location at which plaintiff's vehicle left the road. Through this testimony, plaintiff seeks to establish that her injuries "were the direct result of an immediate, head-on impact with the concrete culvert" that exacerbated her injuries and would have been avoided if an appropriate guardrail had been placed. To address this point and to counter defendant's seat belt defense, plaintiff contends that the first responders and expert witnesses would be required to
testify at both the liability and damages phases of the trial. As such, we conclude that Supreme Court did not abuse its very broad discretion in denying defendant's motion (see Carpenter v County of Essex, 67 AD3d at 1107-1108; Johnson v Hudson Riv. Constr. Co., Inc., 13 AD3d at 865; Barron v Terry, 268 AD2d at 761-762).
McCarthy, J.P., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: A separate subrogation action was also commenced against defendant by plaintiff's insurance company, which was joined with plaintiff's action for trial purposes.