Bogumil v Greenbaum Family Holdings, LP (2023 NY Slip Op 05069)

Bogumil v Greenbaum Family Holdings, LP

2023 NY Slip Op 05069

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

651 CA 21-00532

[*1]MARK D. BOGUMIL, PLAINTIFF-APPELLANT,
v
GREENBAUM FAMILY HOLDINGS, LP, TORTORA PROPERTY MANAGEMENT, INC., VINCENT TORTORA, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HURWITZ & FINE, P.C., BUFFALO (V. CHRISTOPHER POTENZA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 29, 2021. The order granted the motion of defendants Greenbaum Family Holdings, LP, Tortora Property Management, Inc., and Vincent Tortora to bifurcate. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when he fell from an "upper patio or balcony" of an apartment building owned by defendant-respondent Greenbaum Family Holdings, LP and maintained by defendants-respondents Tortora Property Management, Inc. and Vincent Tortora. We agree with plaintiff that Supreme Court abused its discretion in granting defendants-respondents' motion to bifurcate the trial with respect to the issues of liability and damages. "As a general rule, issues of liability and damages in a negligence action are distinct and severable issues which should be tried separately" (Abate v Wolf, 219 AD3d 1118, 1120 [4th Dept 2023] [internal quotation marks omitted]; see Almuganahi v Gonzalez, 156 AD3d 1491, 1492 [4th Dept 2017]). Here, however, we conclude that the issue of liability is not distinct from the issue of plaintiff's injuries because plaintiff made statements to several of his medical care providers following his fall that render the testimony of several medical witnesses as well as hospital and medical records relevant to the liability phase of the trial. Plaintiff has thus established that bifurcation would not "assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42 [a]; see Zbock v Gietz, 162 AD3d 1636, 1636 [4th Dept 2018]; Kasprzak v Delaware YMCA, 289 AD2d 1002, 1002 [4th Dept 2001]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court