Calvaneso v Mochol
2026 NY Slip Op 03553
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

GLORIA CALVANESO, PLAINTIFF-RESPONDENT,
v
SHAWN K. MOCHOL, PAUL T. FOURNIER ENTERPRISES, INC., AND MODERN DISPOSAL SERVICES, INC., DEFENDANTS-APPELLANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
286 CA 25-00651
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

HURWITZ FINE P.C., BUFFALO (TYLER J. ECKERT OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
STEVE BOYD, P.C., BUFFALO (LEAH COSTANZO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered March 24, 2025. The order denied the motion of defendants to bifurcate the liability and damages portions of the trial.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly resulting from a motor vehicle accident. In addition to plaintiff's vehicle, the accident involved a tractor-trailer owned by defendant Paul T. Fournier Enterprises, Inc., which was operated by defendant Shawn K. Mochol for the benefit of defendant Modern Disposal Services, Inc.
Following discovery, defendants moved to bifurcate the liability and damages portions of the trial. Supreme Court denied the motion, and defendants now appeal. Preliminarily, and contrary to plaintiff's assertion, we conclude that it was not necessary to include the transcript from oral argument of the motion in the record on appeal and, thus, defendants' failure to include the transcript does not warrant dismissal of the appeal (cf. Christa Constr., LLC v Vanguard Light Gauge Steel Bldgs. [appeal No. 3], 181 AD3d 1310, 1311 [4th Dept 2020]; see generally CPLR 5526; OneWest Bank, FSB v Spencer, 145 AD3d 1488, 1488-1489 [4th Dept 2016]).
We reject defendants' contention that the court erred in denying their motion. "As a general rule, '[i]ssues of liability and damages in a negligence action are distinct and severable issues that should be tried and determined separately' " (Wesselenyi v Santiago [appeal No. 1], 286 AD2d 964, 964 [4th Dept 2001]; see Abate v Black Wolf, 219 AD3d 1118, 1120 [4th Dept 2023]; Piccione v Tri-main Dev., 5 AD3d 1086, 1087 [4th Dept 2004]). However, a bifurcated trial is not warranted where " 'the nature of the injuries has an important bearing on the issue of liability' " (Fox v Frometa, 43 AD3d 1432, 1432 [4th Dept 2007]), or where "bifurcation would not assist in clarification or simplification of the issues or a more expeditious resolution of the action" (Zbock v Gietz, 162 AD3d 1636, 1636 [4th Dept 2018]). "The determination whether to conduct a bifurcated trial rests within the discretion of the trial court" (Pittsford Canalside Props., LLC v Pittsford Vil. Green, 154 AD3d 1303, 1305 [4th Dept 2017] [internal quotation marks omitted]; see DeAngelis v Martens Farms, LLC, 104 AD3d 1131, 1131 [4th Dept 2013]).
We conclude that the court did not abuse its discretion in denying the motion. Plaintiff established that "the nature of [her] injuries has an important bearing on the issue of liability" (Ellis v J.M.G., Inc., 31 AD3d 1220, 1221 [4th Dept 2006] [internal quotation marks omitted]) and that bifurcation would not "assist in a clarification or simplification of the issues and a fair and more expeditious resolution of the action" (Blajszczak v McGhee-Reynolds, 191 AD3d 1339, [*2]1340 [4th Dept 2021] [internal quotation marks omitted]; see Bogumil v Greenbaum Family Holdings, LP, 220 AD3d 1193, 1194 [4th Dept 2023]; Abate, 219 AD3d at 1120). In addition, we note that the court was in the best position to evaluate defendants' contentions that a defense verdict on liability "was likely so as to obviate the necessity of a second trial" (Johnson v Hudson Riv. Constr. Co., Inc., 13 AD3d 864, 865 [3d Dept 2004]) and that settlement was likely if they did not prevail at the liability phase of a bifurcated trial (see Zbock, 162 AD3d at 1637; Johnson, 13 AD3d at 865). We decline to disturb, on either of those grounds, the court's exercise of discretion in declining to bifurcate the trial.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court